# WILLIAMS v. UNION PACIFIC RAILROAD COMPANY.
## (No. 670.)

MASTER AND SERVANT—TREATMENT OF INJURED WORKMEN IN HOSPITAL AND BY SURGEON FURNISHED BY EMPLOYER—NEGLIGENCE OF SURGEON—EMPLOYER'S LIABILITY—ACTION FOR ALLEGED NEGLIGENCE OF SURGEON—PETITION—SUFFICIENCY—PLEADING—ADMISSION BY DEMURRER—INDEFINITE AND UNCERTAIN—REMEDY.

1. A railroad company is not liable for the negligence of its surgeon in treating an injured employee, if the company has used reasonable care in his selection.

2. Upon demurrer everything alleged in the petition must be taken as true.

3. In an action against a railroad company brought by an injured employee it was charged in the petition that the company was bound by the contract of employment to furnish capable nurses and competent physicians and surgeons in a hospital in which plaintiff was entitled to be and was admitted, and that the defendant did not furnish the plaintiff with proper hospital accommodations in said hospital, and did not furnish him the services of skilful or competent physicians or surgeons, or trained or capable nurses, and did not use or exercise due or reasonable care in the selection of such nurses and surgeons as were furnished to plaintiff, and that the plaintiff suffered damage because of an operation unnecessarily performed on him by the surgeon furnished by the defendant. *Held*, that by a demurrer to the petition the defendant admitted that it had not furnished to the plaintiff the services of skilful or competent physicians or trained or capable nurses, and had not used due or reasonable care in the selection of such physicians and nurses as were furnished to the plaintiff.

4. It was necessary for the plaintiff by appropriate allegation to show that the absence of due and reasonable care in selecting skilful and competent physicians and surgeons was a proximate cause of the alleged injury received at the hands of the surgeon.

5. It being alleged in the petition that the physician furnished did, in the performance of the operation, "carelessly and negligently, and unnecessarily cut a large hole in the neck of plaintiff's bladder," *held*, that the words "carelessly and

negligently" as used, were not synonomous with the word "unnecessarily"; that "unnecessarily" negatives the neces-. sity of the alleged cutting in the performance of the operation, while "carelessly and negligently" refers to the manner of performing the operation, and not to the necessity of what was done.

6. ·Where an injured employee of a railroad company was admitted to the company's hospital and a surgeon furnished for him by the company, as required by the contract of employment, *held,* in an action for damages alleged to have been caused by a negligent and unnecessary operation, that the necessity .of the part of the operation alleged to have been unnecessary rested in the judgment of the surgeon, and if it was unnecessary, such act would be attributable to an error of judgment or want of skill on the part of the surgeon.

7. Upon issue joined in an action to recover for an alleged injury sustained by an employee of a railroad company through an operation performed by a surgeon furnished to plaintiff in the company's hospital no recovery could be had without showing want of due and reasonable care in selecting the surgeon, and that the one selected was in fact incompetent and unskilful.

8. The petition in an action is to be liberally construed.

9. Indefiniteness and uncertainty in a pleading may be reached by a motion, but not by demurrer.

[Decided June 10, 1912.]                    (124 Pac. 505.)

ERROR to the District Court, Uinta County; HON. DAVID H. CRAIG, Judge.

The action was brought by Joseph H. Williams against the Union Pacific Railroad Company, for damages alleged to have been sustained through an unnecessary act of a surgeon furnished by the defendant to the plaintiff when injured, in the performance of an operation upon the plaintiff. A general demurrer to the petition was sustained, and the plaintiff declining to plead further, judgment was rendered for the defendant. The plaintiff brought the case to the Supreme Court on error. The material facts, as alleged in the petition, are stated in the opinion.

*J. H. Ryckman,* for plaintiff in error.

The point made upon the demurrer, and which led the district court to sustain it, was that the defendant in error, as a railroad corporation, is not authorized to do business as a physician, or as a hospital, and that its conduct of a hospital for pay would be *ultra vires,* and that the company would therefore not be liable for the negligence of its surgeons. However, it was conceded that the company has the right to assist its employes in furnishing proper medical and surgical attention in case of accident or sickness, but that its whole duty is discharged when it employs physicians and surgeons of the requisite knowledge and ability. The contention of the company, we think, is untenable. The courts of this state will not take judicial notice of the statutes or charter of another state under which the defendant is incorporated. (Corey v. R. Co., 5 Ia., 357.) Railroad corporations are not charitable institutions, although this company seems to have been held analogous to such an institution in U. P. R. Co. v. Artist, 60 Fed. 365, 23 L. R. A. 581. But in that case the decision was reached only after a trial upon the evidence which showed the payment by the plaintiff of monthly hospital fees and a contribution by the company of several thousand dollars per month. In the case at bar it is explicitly alleged that the company contracted to provide the plaintiff hospital accommodations and skillful and capable physicians, surgeons and nurses in case of sickness. That element was lacking in the Artist case. However, that case is not binding upon the courts of this state. A more reasonable and proper view is taken of a case like this in Sawdy v. Spokane &c. Co., 70 Pac. 972, 30 Wash. 349, 94 Am. St. 880. The treatment of the plaintiff was not a charity because he paid for the treatment. In no reasonable or humane aspect can it be a charity or gratuitous service to an employee when he has paid all that the company exacts of him. The company having conducted a hospital, and contracted to treat the plaintiff for any injury received by him while in its employ, it is liable for the malpractice of

a surgeon employed for that purpose. To constitute a public charity there must be an absolute gift to a charitable use for the benefit of the public. (Coe v. Washington Mill, 149 Mass. 543, 21 N. E. 966.) Where a railroad company has entered into a contract, express or implied, not in itself immoral, and not forbidden by any statute, and it has in good faith been performed by the other party, the company cannot be heard to plead *ultra vires*. (Louisville &c. R. Co. v. Flanagan, 113 Ind. 488, 3 Am. St. 674.)

*Herbert V. Lacey* and *John W. Lacey,* for defendant in error.

It has been held generally that a railroad company is not liable for the negligence of its surgeons when the company has used reasonable care in their selection. In reaching that conclusion the courts have not adopted the same line of reasoning, but, an "identity of conclusion reached, though by different roads, is a strong proof of its · correctness." (Powers v. Hospital, 109 Fed. 294.) All liability of a railroad company for the negligence of its surgeons must be predicated upon the rule of *respondeat superior*—a harsh rule at best. · (Haas v. Miss. Soc. 26 N. Y. Supp. 868.) That rule is not to be extended except upon careful consideration. It was first declared that the rule did not apply to charitable hospitals, but it was generally held that the duty of such a hospital ended with the selection of capable surgeons and nurses. (McDonald v. Hospital, 120 Mass. 432; Ward v. Hospital, 50 N. Y. Supp. 466; Hearns v. Hospital, (Conn.) 33 Atl. 595; Downs v. Hospital, (Mich.) 60 N. W. 42; Powers v. Hospital, supra.) It is held that steamship companies have performed their full duty as to surgeons carried on their passenger boats when they have been selected with reasonable care. (Laubheim v. Netherland S. Co., (N. Y.) 13 N. E. 781; Allan v. State S. Co., (N. Y.) 30 N. E. 482; O'Brien v. Cunard S. Co., (Mass.) 28 N. E. 266.)

The railroad cases have all been decided with particular reference to the facts and circumstances of each case, but certain general principles have been clearly established.

Where the employee was injured while in the employ of the company without the latter's fault, and, by the direction of an operating official, was placed in the hands of a company surgeon for treatment, and, the company either supports its medical department entirely from its own funds, or partially from contributions from its employees, it is held that its whole duty is to furnish proper medical skill, which is performed where reasonable care has been used to that end. (York v. Chicago, &c., R. Co., (Ia.) 67 N. W. 574; Ry. Co. v. Sullivan, (Ind.) 40 N. E. 138; Clark v. Ry. Co., (Kan.) 29 Pac. 1138; Secord v. St. Paul Ry. Co., 18 Fed. 221.) It is the skill of the physicians upon whom the patient relies, unhampered by orders from the railroad company. (Atchison, &c., Co. v. Zeiler, (Kan.) 38 Pac. 282; R. Co. v. Howard, (Neb.) 63 N. W. 872; U. P. v. Artist, 60 Fed. 365; Quinn v. Ry. Co., (Tenn.) 30 S. W. 1036.) Where the company has selected surgeons skilled and competent in their profession, it has discharged every duty that humanity or sound morals impose, and it is not liable to any extent for mistakes which the surgeons so selected may commit. (Barden v. A. C. Line, (N. C.) 67 S. E. 971; Ry. Co. v. Price, (Fla.) 13 So. 638; Pierce v. U. P. (Ia.) 66 Fed. 44; Eighmy v. U. P., (Ia.) 61 N. W. 1056; Ry. v. Foard, (Ky.) 47 S. W. 342; Miller v. Coal Co., (Or.) 85 Pac. 502; Jackson v. Milk Co., (Or.) 120 Pac. 1; Maine v. R. Co., (Ia.) 70 N. W. 631; Wells v. Lumber Co., (Wash.) 107 Pac. 869; Ry. v. Midland, (Ark.) 132 S. W. 113, 135 S. W. 917.)

The petition fails to allege negligence on the part of the company in selecting the surgeon, nor does it allege that he was not skilful. As the petition fails to allege negligence on the part of the company as well as the non-performance of any duty the demurrer was properly sustained. It is not sufficient to allege the defendant's duty, without the statement of facts showing the existence of the duty, for without such facts the allegation would be a mere conclusion of law. (McAndrews v. Ry. Co., (Ill.) 78 N. E. 603; Ry. Co. v.

Lain, (Ind.) 83 N. E. 632; Hone v. Water Co., (Me.) 71
Atl. 769; Breese v. Trenton, &c., Co., (N. J.) 19 Atl. 204;
R. Co. v. Wilson, 31 O. St. 555.)

Scott, Justice.

The plaintiff in error as plaintiff filed his petition against
the defendant in error as defendant in the district court of
Uinta County which, omitting the title, is in words and fig-
ures as follows, to-wit:

"The plaintiff complains of the defendant and for a cause
of action alleges as follows, to-wit:                        . .

1.   That the defendant is and at all the times mentioned
in this petition was a corporation organized and existing
under and by virtue of the laws of Utah and owned and
operated a line of railroad in the states of Utah and Wyo-
ming and owned, operated and controlled a round-house and
repair shops at the town of Evanston in the State of Wyo-
ming.

2.   That in the month of February, 1906, and for a long
time prior thereto, the plaintiff was in the employ of the
defendant in said shops at the said town of Evanston as a
blacksmith helper at the agreed compensation of 22 cents
per hour; that a part of said agreement and contract of em-
ployment between plaintiff and defendant was that the
plaintiff should pay to the defendant each month while in
the employ of the defendant out of his wages as such
employee the sum of 50 cents per month for the sup-
port and maintenance of the defendant's hospital situated at
the City of Ogden in the State of Utah; that in considera-
tion of said payment of said sum of money to the defendant
from month to month, the defendant contracted and agreed
with the plaintiff to furnish plaintiff with hospital accommo-
dations in said hospital at Ogden and to provide and furnish
trained and capable nurses and skilled and competent physi-
cians and surgeons in said hospital for the care and treat-
ment of the plaintiff in the event that he should become sick
or disabled or accidentally injured while working for the
defendant and in the regular course of his employment and

contracted and agreed for the consideration aforesaid to furnish the plaintiff with the services of skilled and competent physicians and trained, and capable nurses in case of any injury to the plaintiff while working for the defendant as. aforesaid.

3. That under said contract of employment as aforesaid and in consideration of the payment by the plaintiff to the defendant from month to month of the said sum of money while plaintiff worked for the defendant, it became and was the duty of the defendant, in case the plaintiff should become injured while working for defendant under said contract, to furnish the plaintiff with proper hospital accommodations in said hospital and to treat him properly therein, and to furnish him the services of skilful and competent physicians and surgeons and trained and capable nurses, and to use and exercise due and reasonable care in the selection of such nurses and physicians and surgeons, but the plaintiff alleges that on the contrary the defendant, neglecting and disregarding its duty in the premises and under said contract and agreement with the plaintiff, when the plaintiff became injured while working for the defendant as hereinafter alleged, did not furnish the plaintiff with proper hospital accommodations in said hospital and did not treat him properly therein, and did not furnish him the services of skilful or competent physicians or surgeons or of trained or capable nurses, and did not use or exercise due or reasonable care in the selection of such nurses and physicians and surgeons as were furnished to the plaintiff.

4. And plaintiff alleges that in the month of February, 1906, while working for the defendant at its shops in the said town of Evanston, during working hours and in the regular course of his employment by defendant under said contract and agreement, he was accidentally injured by straining himself in lifting a steel axle; that for a time the plaintiff was treated for said injury at said town of Evanston by Dr. J. L. Wicks as the local surgeon and physician of the defendant at said town of Evanston; that not re-

covering or improving under said treatment of said Dr. Wicks, the plaintiff, in the month of September, 1906, was sent by the defendant to its said hospital at Ogden for treatment and was placed by the defendant under the care of one Dr. R. S. Joyce; that plaintiff remained in said hospital and was treated by the said Dr. Joyce until the month of November, 1906, when he was discharged by the defendant from said hospital as incurable.

5.   And plaintiff alleges that said Dr. Joyce so carelessly and negligently treated and operated upon the plaintiff that he then and thereby became permanently and incurably disabled and incapacitated for work of any kind as long as he shall live; that said Dr. Joyce carelessly and negligently and unnecessarily cut a large hole in the neck of plaintiff's bladder and otherwise carelessly and negligently cut and mutilated the body of the plaintiff so that plaintiff's urine ever since has passed from him through his anus and always will thus pass to plaintiff's great injury, discomfort and suffering; that said Dr. Joyce so carelessly and negligently treated the plaintiff that after the first operation upon the plaintiff, neither the said Dr. Joyce nor any other doctor or physician or surgeon of said hospital visited or waited upon plaintiff for a period of 5 days; that afterwards said Dr. Joyce neglected to see the plaintiff for as much as a period of 2 weeks at a time, from which neglect and mistreatment the plaintiff suffered great pain and agony and has become completely and permanently disabled and will always suffer great pain and inconvenience; that during all the time plaintiff was in said hospital, he was neglected by the nurses and treated by them with insult and contempt, thus intensifying his pain and suffering.

6.   And plaintiff alleges that after being discharged from said hospital by the defendant as aforesaid, he employed other physicians at great trouble and expense in the hope of finding relief or alleviation of the condition in which he was left by the negligence of the defendant and of the said Dr. Joyce as aforesaid.

7.   That plaintiff at the time of the happening to him of said accident in the month of February, 1906, was of the age of 36 years, and in robust and vigorous health, and had always been well and strong, and of good constitution; that said hospital was not a charitable institution and was not conducted by defendant as a public or private charity or for charitable or eleemosynary purposes in whole or in part, but was managed and conducted by defendant solely with funds contributed by its employees, including the plaintiff, and that plaintiff had always paid to the defendant his dues from month to month during the whole of the time he worked for defendant and was never in default therein and in all respects kept and fulfilled said contract of employment upon his part; that the control and management of said hospital and the choice and selection and employment of all the nurses and physicians and surgeons therein and connected therewith belonged wholly to and was exercised wholly by the defendant, and that the plaintiff never had any voice or part in the control or management of said hospital or in the choice or selection or employment of said nurses or any of them or of the said physicians or surgeons or any of them or of the said Dr. Joyce; that the treatment of the plaintiff undertaken by the defendant at said hospital as aforesaid was not gratuitous but for the consideration aforesaid; that the defendant never informed the plaintiff that it was proposing to extend to him a charity or gratuity when it entered upon his treatment at said hospital and never returned to him his hospital dues collected from him by the defendant during the course of his past employment.

8.   That the earning capacity of the plaintiff in the month of February, 1906, and prior thereto was at least $500.00 per year; that his expectation of life at that time was 31 67-100 years; that since said accident he has been unable to work at his trade or to follw any other remunerative occupation and is supported by the manual labor and industry of his wife and will never be able to pursue any gainful occupation or make his own living and that the injury which

he sustained by said accident was readily and easily curable at the hands of a skilful physician of reasonable prudence and competency.

9. That by reason of the failure and neglect of the defendant to fulfill and carry out its contract as aforesaid with the plaintiff and by reason of the negligence and carelessness, unskilfulness and incompetency of defendant's physicians and surgeons in its said hospital, and lack of training and incapacity of its said nurses, the plaintiff has been damaged in the sum of $1,999.00.

Wherefore plaintiff prays judgment against the defendant in the sum of One Thousand Nine Hundred and Ninety-nine Dollars and costs of suit."

The defendant demurred to the petition upon the ground that it failed to state facts sufficient to constitute a cause of action. Upon argument and submission to the court the demurrer was sustained, to which ruling an exception was reserved and the plaintiff declining to plead further, judgment was rendered in favor of the defendant, and the plaintiff brings the case here on error.

The sole question here presented is as to the sufficiency of the facts pleaded in the petition to state a cause of action against the defendant and in favor of the plaintiff. It will be observed that in the latter part of paragraph 3 of the petition the plaintiff alleges "that the defendant did not furnish the plaintiff with proper hospital accommodations in said hospital and did not treat him properly therein and did not furnish him the services of skilful or competent physicians or trained or capable nurses, and did not use or exercise due or reasonable care in the selection of such nurses and physicians and surgeons as were furnished to plaintiff." With reference to cases of this character it may be said that in general it has been held that a railroad company is not liable for the negligence of its surgeons if it has used reasonable care in their selection. We think this is the correct rule. (Powers v. Massachusetts Homeopathic Hospital, 109 Fed. (C. C. A. First Cir.) 294, 47 C. C. A. 122, 65 L. R. A.

372; Union Pacific Ry. Co. v. Artist, 60 Fed. 365, 9 C. C. A. 14, 23 L. R. A. 581; Youngstown Park & Falls Street Ry. Co. v. Kessler, 84 Ohio St. 74, 95 N. E. 509, 36 L. R. A. (N. S.) 50 and notes.) It is also held that the duty of a charity hospital ends with the selection of capable surgeons and nurses. (McDonald v. Massachusetts General Hospital, 120 Mass. 432, 21 Am. Rep. 529; Ward v. Vincent's Hospital, 23 Misc. Rep. 91, 50 N. Y. Supp. 466; Downs v. Harper Hospital, 101 Mich. 555, 60 N. W. (Mich.) 42, 25 L. R. A. 602, 45 Am. St. Rep. 427; Hearns v. Waterbury Hospital, 66 Conn. 98, 33 Atl. 595, 31 L. R. A. 224; Powers. v. Massachusetts Homeopathic Hospital, supra.) Upon demurrer everything alleged in the petition must be taken as true. In that sense the defendant admits that it did not furnish plaintiff the services of skilful or competent physicians or trained or capable nurses, and did not use due or reasonable care in the selection of such nurses and physicians and surgeons as were furnished to the plaintiff.

It was necessary that the petition should by appropriate allegation show that the absence of due and reasonable care in selecting a skilful and competent physician and surgeon was a proximate cause of the injury received at the hands of the surgeon. Among other allegations it is alleged in paragraph 5 of the petition that the physician furnished did, in the performance of the operation, "carelessly and negligently, and unnecessarily cut a large hole in the neck of plaintiff's bladder." The words "carelessly" and "negligently" as here used are not synonomous with the word "unnecessarily." The latter negatives the necessity of cutting the bladder. in the performance of the operation while the former refers to the manner of doing and not to the necessity of doing. The necessity of cutting the bladder in the performance of the operation rested in the judgment of the surgeon, and called into activity his power to perceive and perform (Webster's New International Dictionary) which was the measure of his skill. If, therefore, he performed an act unnecessary to the operation with or without negligence

such act would be attributable to errors of judgment or want of skill. It is said in Akridge v. Noble, 114 Ga. 949, 959, 41 S. E. 78, 81, as follows: "From the time the surgeon opens with his knife the body of the patient until he closes the wound thus made, in a proper way, the law imposes upon him the duty of exercising not only due care, but due skill as well. During the entire time he must not only know what to do, but he must do it in a careful and skilful manner." By paragraph 9 of the petition it is alleged in substance that damage resulted from and by reason of the failure and neglect of the defendant to furnish a skilful and competent surgeon, and the negligence, unskilfulness and incompetency of defendant's physician and surgeon so furnished. Upon issue joined no recovery could be had without showing want of due and reasonable care in selecting the physician and surgeon and that the physician and surgeon selected was in fact incompetent and unskilful. Construing the petition liberally, as we are required to do by the statute (Sec. 4416, Comp. Stat., 1910), we think it stated a cause of action, although the allegations might have been more definite and certain, a defect which might be reached by motion but not by demurrer.

For the error of the lower court in sustaining the demurrer to the petition the judgment will be reversed and the case remanded for further proceedings.

*Reversed.*

BEARD, C. J., and POTTER, J., concur.