## BISHOP RANDALL HOSPITAL v. HARTLEY.

(No. 857; Decided October 30th, 1916; 160 Pac. 385.)

CHARITABLE INSTITUTIONS—LIABILITY FOR TORTS OF EMPLOYES—HOS-PITALS—RESPONDEAT SUPERIOR—CHARITIES—INSTRUCTIONS—NEGLI-GENCE—DAMAGES.

1. A hospital organized under Compiled Statutes, 1910, Chapter 280, with capital stock and paying no dividends, maintained with funds donated from missionary appropriations, caring for all sick and injured persons brought to it, charging those who are able to pay and treating free of charge those who are not, is a charitable institution.

2. A charitable institution operating a hospital is not liable for injuries to patients due to. the negligence of nurses or physicians in the absence of allegations or proof, that the managers of the institution were negligent in their selection of employees.

ERROR to the District Court, Fremont County; HON. CHARLES E. WINTER, Judge.

Action by Elroy C. Hartley against the Bishop Randall·
Hospital, for damages for personal injuries caused by the
alleged neglect of a nurse.  From a judgment for plaintiff
defendant brings error.  The facts are stated in the opinion.

*Edgar H. Fourt,* for plaintiff in error.

Plaintiff in error is a charitable institution.  The fact that
patients who are able to pay are charged for care cannot
affect its character as a charitable institution.  The com-
mon law is the rule of decision, where not inconsistent with
the laws of the state.  (C. S. *1910,* Section 3588; Cowhic v.
Shingle, 6 Wyo. 87; Johnson v. Hovey, 76 Pac. 1089,
1092.)  It is the policy of the state to foster charity, a prin-
ciple founded upon the history of the common law, dating
from a very remote period.  The courts protect charitable
endowments from the maladministration of trustees, and
take care that the objects of the trust are duly pursued.
(American Printing House v. Board, 104 U. S. 711, 26 L.
Ed. 902; Jones v. Habersham, 107 U. S. 179, 27 L. Ed.
401; Stanley v. Colt, 5 Wall. 119, 16 L. Ed. 502; Perin v.
Carey, 65 U. S. 465, 16 L. Ed. 701; Russell v. Allen, 107
U. S. 163, 27 L. Ed. 397; Ould v. Washington, 95 U. S.
303, 24 L. Ed. 450.)  The common law and the powers of
the courts as applied to charitable uses apply in this state.
Charitable institutions are fully defined by the decisions.
(Jackson v. Phillips, 14 Allen, 556; Dartmouth College v
Woodward, 4 Wheat. 518, 10 Am. D., pages 113-114; U. P.
Ry. v. Artist, 60 Fed. 365; Schloendorff v. N. Y. Hospital,
105 N. E. 92; McDonald v. Massachusetts Gen. Hospital,
21 Am. R. 529; Little v. City of Newbury Port, 96 N. E.
1032; Bullard v. Chandler, 5 L. R. A. 104 and note; Pow-
ers v. Hospital, 109 Fed. 294.)  One receiving an injury
from the acts of servants of a charitable institution at a
time when is he accepting benefits of the charity cannot re-
cover damages for such injury; provided due care is used
in selecting such service.  See 5 R. C. L., Section 121;
Eighmy v. Union Pacific Ry. Co., 27 L. R. A: 296; Carter
v. Whitcomb, 74 N. H. 482, 69 Atl. 779; Downs v. Har-

per Hospital, 25 L. R. A. 602; Nebraska Sanatarium, &c. Assn., 92 Neb. 162, 137 N. W. 1120, Am. Ann. Cas. 1913 E. 1127 and note. The court erred in refusing to direct a verdict for defendant. The court erred in giving instruction No. 1 and in refusing to give the instruction requested by plaintiff in error denying its status as a charitable institution. (U. P. Ry. v. Artist, supra; Sackett, P. 352, Par. 2, Sec. 9; Downs v. Harper Hospital, 101 Mich 555; Jensen v. Maine Eye & Ear Infirmary, 107 Me. 408, 78 Alt. 898, 33 L. R. A. (N. S.) 141.)

*T. S. Talliaferro, Jr.,* for plaintiff in error.

Plaintiff in error is a charitable institution organized under Chapter 280, Comp. Stats. 1910, and maintained by charitable donations. It is without capital stock and pays no dividends. It is of the class limited to holdings of real property to the value of $50,000.00. The doctrine of *respondeat superior* does not apply in this suit; the theory that the hospital corporation is liable because a bill was rendered to plaintiff is erroneous. It was shown that all persons were received whether they were able to pay or not; those able to pay were expected to do so. It was shown by the evidence that the institution is maintained by donations and that the superintendent is paid from that source. The hospital cannot be held to account for the negligence of a nurse. (Scholendorff v. New York Hospital, 211 N. Y., Page 125.) There was neither allegation nor proof of negligence in the selection of the nurse.

*John Dillon,* for defendant in error.

Plaintiff in error has not shown a right of exemption as a charitable institution. (Tucker v. Mobile Assn., 68 Southern 4, 13 R. C. L. 947.) Organization under Chapter 280, Comp. Stats. 1910, is not conclusive as to the character of plaintiff in error as a charitable institution. A hospital might be organized for profit under that chapter. Reference is found to payment of dividends in Section 4212 of the chapter. The omission of a provision for stock and shares is a negative fact. Under Section 4217 of the chap-

ter by-laws might be adopted at any time creating shares and providing terms upon which shares should be held. Section 4219 provides for dividends at any time. It was shown by the evidence that all patients received·by the hospital were given a bill when discharged, although some service was rendered free. The evidence did not show the institution to be a public charitable hospital. The rule that public charitable institutions are exempt from liability for the torts of their agents has been greatly modified by modern decisions. (Bruce v. Central M. E. Church, 10 L. R. A. (N. S.) 78; Powers v. Mass. Hospital, 65 L. R. A. 372.) The earlier cases held that funds of a charitable institution were trust funds and could not be devoted to the payment of damages for the negligence of servants. The rule has been almost entirely abrogated. The reasons for the exemption heretofore given to charitable institutions are fictitious, unreal and illogical, as is shown by the decision in Hewett v. Womens Hospital, 7 L. R. A. 496. There is a distinction between a person paying for services rendered and a person receiving the benefits of a charity without pay. But we contend that the evidence does not show plaintiff in error to be a public charitable institution at the time of the torts complained of.

Beard, Justice.

In this case the defendant in error, Hartley, recovered a judgment in the district court against plaintiff in error, Bishop Randall Hospital, a corporation, on account of a personal injury sustained by him while he was a patient in said hospital and which injury he claims was caused by the negligence of one of the hospital nurses who was caring for him. From that judgment the hospital brings error.

Two questions are presented for determination. First: Is Bishop Randall Hospital a charitable institution? Second: If so, is it liable for an injury to a patient caused by the negligence of one of its nurses, in the absence of allegation and proof of negligence of its officers or managers in the selection of such nurse?

There is practically no conflict in the evidence or controversy as to the facts in the case, and they are, briefly stated, that defendant in error, Hartley, fell on the sidewalk in Lander and broke a bone in his hip. He was taken to his room where he remained for about a week when he was taken to the hospital. He employed his own physician, but whether before or at the time he was taken to the hospital does not appear, nor does the evidence disclose by whom or at whose direction he was taken there. Upon his arrival at the hospital he was put under the influence of an anaesthetic for the purpose of reducing the fracture. A bed was prepared for him in which hot water bottles were placed to warm it and when he was put in the bed the hot water bottles were removed to the corners of the bed and were left along the edge of the bed. In some manner, not explained in the evidence, one of the bottles got under his shoulder and caused the burn and injury complained of. He was unconscious from the influence of the anaesthetic when placed in bed and so remained until after he was burned. The hospital is a corporation organized and existing under the provisions of Chapter 280, Compiled Statutes 1910, which authorizes the formation of corporations for one or more or all of fifteen different purposes, the eighth purpose mentioned being, "To establish and maintain hospitals and infirmaries for the cure of the sick." Such corporation is empowered to sue and be sued, to contract and be contracted with in pursuance of its powers; to purchase or receive by gift, or otherwise, personal estate, such as may be necessary or proper for the purposes of such corporation, and to dispose of the same; to purchase or receive by gift, grant, devise or otherwise, real estate, such as may be necessary or proper for the purposes of the corporation, not exceeding fifty thousand dollars in value. Such corporation is not required to have any capital stock. The objects of this coporation as set forth in its articles of incorporation are: "(1) To found, establish and maintain a hospital at the town of Lander, in the county of Fremont in the State of

Wyoming, and branches thereof at other points in said state as may hereafter be determined for the cure of the sick. (2) To provide surgical aid and nursing for patients suffering from injuries and medical aid and nursing for sick persons who cannot be properly cared for at their homes. (3) To visit the sick and suffering in their homes and afford them relief. (4) To receive and give proper care to persons who are convalescent. (5) To instruct and train women in the duties of nursing and attending upon the sick and disabled." The articles further provide that the business and government of the corporation shall be directed by a Board of Trustees, not exceeding thirteen in number, of whom four shall always be, the Protestant Episcopal Bishop of the Missionary District or Diocese of Wyoming, or that part thereof in which is situated the town of Lander, and the Rector and Church Wardens of Trinity Church, Lander. The Bishop shall be president of the Board, ex-officio. The other members of said Board (after the first year) shall be elected by the Vestry of said Trinity Church. The Rector of said Trinity Church shall always be the Warden and Chaplain of said hospital, and the work of nursing therein shall be done by trained nurses of the Protestant Episcopal Church; but private religious ministrations are not to be denied to any patient according to his or her conscience. The corporation has no capital stock and pays no dividends. The funds for the erection and equipment of the hospital building were provided by gifts and donations for that purpose, and neither such donors nor others receive any dividends or profits from the corporation.

It further appears from the evidence that a large portion of the funds for the support of the hospital is derived from donations. The Superintendent of the hospital who has supervision over the nurses, and over the affairs of the hospital generally is not paid by the corporation, but from missionary appropriations. That the patients receiving care in the hospital who are able to do so are expected to pay therefor, some being charged more than others, according to the

rooms occupied, but those who are unable to pay are cared for gratuitously and receive the same care as paying patients, and all money received from paying patients is used to defray the expenses of maintaining the hospital and is insufficient for that purpose; the balance being made up by donations. The defendant in error was charged on the books of the hospital and a bill was sent to him, but whether or not he paid anything does not appear.

Such being the state of the facts as disclosed by the record, we are of the opinion that the hospital was and is a charitable institution within the meaning of the law. The fact that it charges for the accommodations and care bestowed upon patients who are able to pay does not change its character. That rule is well established by the decisions. In Jensen v. Maine Eye & Ear Infirmary, 107 Me. 408, 78 Atl. 898, 33 L. R. A. (N. S.) 141, it is said: "It is claimed, however, that the defendant charges a compensation for the use of its rooms to those who are able to pay, and thereby loses one of the essential attributes of a charitable institution. But this in no way changes the character of the institution." The same rule is announced in the following cited cases: Powers v. Massachusetts Homeopathic Hospital, 109 Fed. 294, 47 C. C. A. 122, 65 L. R. A. 372; Downs v. Harper Hospital, 101 Mich. 555, 60 N. W. 42, 25 L. R. A. 602, 45 Am. St. Rep. 427; Gable v. Sisters of St. Francis, 227 Pa. St. 254, 75 Atl. 1087, 136 Am. St. Rep. 879; Duncan v. Nebraska Sanitarium, 92 Neb. 162, 137 N. W. 1120, 41 L. R. A. (N. S.) 973, Ann. Cas. 1913 E. 1127; Taylor v. Hospital, 85 O. St. 90, 96 N. E. 1089, 39 L. R. A. (N. S.) 427; Schloendorff v. New York Hospital, 211 N. Y. 125, 105 N. E. 92, 52 L. R. A. (N. S.) 505, Ann. Cas. 1915 C. 581; Paterlini v. Memorial Hospital Ass'n., 229 Fed. 838; McDonald v. Massachusetts General Hospital, 120 Mass. 432, 21 Am. Rep. 529; Adams v. University Hospital, 122 Mo. App. 675, 99 S. W. 453.

Holding then as we do that Bishop Randall Hospital is a charitable institution, we come to a consideration of the

second question.  There is no allegation, proof, or claim in
the present case that there was any negligence on the part
of the managers of the hospital in the selection or employ-
ment of the nurse whose negligence is claimed to have
caused the injury.  The authorities are almost unanimous in
holding that such institutions are not liable in damages for
the negligence of their physicians or nurses in the absence
of proof of negligence in their selection.  In addition to
the cases above cited, which are also authorities on this
point, we cite the following: Hearns v. The Waterbury
Hospital, 66 Conn. 98, 33 Atl. 595, 31 L. R. A. 224; Abston
v. Waldon Academy, 118 Tenn. 24, 102 S. W. 351, 11 L. R.
A. (N. S.) 1197; Farrigan v. Pevear, et al., 193 Mass. 147,
78 N. E. 853, 7 L. R. A. (N. S.) 481, and note, 118 Am. St.
Rep. 484, 8 Ann. Cas. 1109; Williams v. U. P. R. R. Co.,
20 Wyo. 392, 124 Pac. 505; Union Pacific Ry. Co. v.
Artist, 60 Fed. 365, 9 C. C. A. 14, 23 L. R. A. 581.  In the
last cited case the court said: "The rule is that those who
furnish hospital accommodations and medical attendance,
not for the purpose of making profit thereby, but out of
charity, or in the course of the administration of a chari-
table enterprise, are not liable for the malpractice of the
physicians or the negligence of the attendants they employ,
but are responsible only for their own want of ordinary
care in selecting them." (Citing cases.)  The decisions are
not in accord in assigning the reasons for the rule; some of
them putting it upon the ground that the money in the hands
of those managing such institutions "constitutes a trust
fund devoted to a charitable purpose, and the courts refuse
to permit it to be diverted to the very different purpose of
paying for the malpractice of their physicians or the negli-
gence of their attendants." Others place the non-liability on
the ground that the relation of master and servant does not
exist in such cases, and that the doctrine of *respondeat
superior* does not apply.  Still others hold "that one who
accepts the benefits of a charity enters into a relation which
exempts one's benefactor from liability for the negligence

of his servants in administering the charity." Each of the reasons for the doctrine of non-liability is supported by forceful argument and authority, and notwithstanding the difference in the reasons assigned, the courts have almost if not entirely united in their conclusions.   As said in Schloendorff v. New York Hospital, supra, "Certain principles of law governing the rights and duties of hospitals when maintained as charitable institutions have, after much discussion, become no. longer doubtful.   It is the settled rule that such a hospital is not liable for the negligence of its physicians and nurses in the treatment of patients."

Over the objection of defendant the court instructed the jury as follows: "The court instructs the jury that if they believe from a preponderence of the evidence in this case that the plaintiff, Elroy C. Hartley did on or about the 31st day of January 1915, enter into the Bishop Randall Hospital as a patient and placed himself under the care of the nurses in charge of said hospital and that he was charged the sum of $15.00 a week while in said hospital for the use of the bed in which he slept and the care and attendance of a nurse and his board; and if the jury further believes from the preponderence of the evidence that on or about the 31st day of January 1915 the plaintiff while an inmate of said hospital was burned on his back and shoulders by reason of the fact that the nurse, an agent of defendant at said hospital had left in bed of plaintiff or on the edge of bed of plaintiff a hot water bottle filled with hot water, while the plaintiff was in an unconscious condition and while in this unconscious condition plaintiff was burned by reason of this hot water bottle coming in contact with his back and shoulder and remaining there a sufficiently long time to burn plaintiff; then the jury will find in favor of plaintiff and against defendant."

The defendant requested the court to give to the jury the following instruction. which it refused to do, viz: "The jury are instructed that under the laws of the State of Wyoming and the evidence the Bishop Randall Hospital is an

incorporated, public and charitable institution, organized; (here setting out the object of the corporation as contained in its articles of incorporation) and that such an institution or corporation can only be charged with negligence in the selection of its employees. And that if you believe from the preponderence of the evidence that the said defendant used due care and ordinary diligence in the selection of its nurses, to select such as were lawfully competent to take care of the plaintiff, then you are instructed to find for the defendant, Bishop Randall Hospital, and the plaintiff can take nothing by this action."

Upon the undisputed facts in this case, under the law as we find and believe it to be, this hospital is a charitable institution and not liable for injuries sustained by a patient therein by reason of the negligence of its nurses, in the absence of proof of negligence in their selection or employment. Therefore the giving of the instruction above quoted, and the refusal to instruct as requested by defendant were errors for which the judgment must be reversed. The judgment of the district court is reversed and the cause remanded for further proceedings not inconsistent with this opinion.                                   *Reversed.*

Potter, C. J., concurs.

Scott, J., did not participate in this decision.