Robert J. BONDURANT, Administrator of
the Estate of Perle Oscar Bondurant,
Deceased, Appellant (Plaintiff below),

v.

BOARD OF TRUSTEES OF THE MEMORI-
AL HOSPITAL OF CONVERSE COUN-
TY, Appellee (Defendant below).

No. 2927.

Supreme Court of Wyoming.

July 13, 1960.

Robert R. Rose Jr., and Arthur F. Fisher,
of Rose, Rose & Fisher, Casper, for appel-
lant.

Edward E. Murane, of Murane, Bostwick
&McDaniel, Casper, for appellee.

Before BLUME, C. J., and PARKER
and HARNSBERGER, JJ.

Mr. Justice PARKER delivered the opin-
ion of the court.

The administrator of Perle Oscar Bon-
durant, deceased, brought suit for $57,500
against the Board of Trustees of the
Memorial Hospital of Converse County,
alleging that defendant was a corporation
organized under the laws of Wyoming;[1]
that deceased died on November 5, 1957,
from injuries sustained on June 27 while
visiting his daughter at the hospital when
he opened an exit door and fell to the

1. The statutory authority for organiza-
tion is not recited in the pleadings but
conceded by counsel in argument to be
§§ 18–315–18–321, W.S.1957.

areaway below; and that plaintiff's claim was thereafter rejected by defendant. The answer denied generally and alleged that the screen doorway through which decedent passed was closed and fastened with three hooks, was used for ventilation, and that decedent's action in opening it was negligent. Thereafter, defendant filed a motion to dismiss on the ground that it was immune from the action under its status as a governmental agency. The trial court granted the motion, dismissing the action with prejudice. From this order plaintiff has appealed, urging that under the circumstances of the case the defendant is not immune from tort liability.

■ Plaintiff failed to allege by issuable facts [2] the existence of a duty upon the part of defendant toward the plaintiff and its breach [3] so as to set forth a claim for relief under Rule 8, Wyoming Rules of Civil Procedure, and the complaint was therefore subject to a motion to dismiss on that ground.[4] No such motion was interposed, and we are faced with the dilemma of either discussing a liability not pleaded or refusing to consider the problem which might later be raised if amendment of the complaint should be permitted. Although we do not wish to establish a precedent for the consideration of problems which are potential rather than actual, we feel that the claimed immunity of a county hospital from a tort action of the nature mentioned is of sufficient importance that perhaps an exception should be made in this instance.

■ It is insisted that the trial court erred in holding the county hospital to be immune to plaintiff's action by reason of its status as a governmental agency. Plaintiff argues that even conceding the hospital to be a state agency it is not sub-

stantially similar to departments such as the highway, the game and fish, etc., which continuously carry on state and governmental functions but is in fact more like a municipal corporation. It is then urged that a statement from Ramirez v. City of Cheyenne, 34 Wyo. 67, 241 P. 710, 714, 42 A.L.R. 245, should be here controlling:

"* * * Lately there has come to be recognized a kind of service to which there is attached neither the immunity of the state nor the liability of business corporations. This is the service rendered by bodies administering public charities. To such bodies the law as established in many jurisdictions, including ours, grants a partial exemption from tort liability. The exemption, we understand, applies where the charity is sought to be charged with the negligence of its employees, but does not affect its liability for failure to perform its personal, nondelegable duties, such as the duty of using care in selecting its employees and in keeping its premises safe for invitees. * * *"

Without passing upon the limited areas to which the quoted Ramirez philosophy is applicable, we find no case in which a hospital has been held liable on that basis, and we are not inclined to believe that the analogy is apt. Neither do we think that Bishop Randall Hospital v. Hartley, 24 Wyo. 408, 160 P. 385, Ann.Cas.1918E, 1172, is persuasive in the instant situation since that hospital was clearly a charitable organization and bore no relationship to the government whatever.

It is maintained that under § 18–320, W.S. 1957, a county memorial hospital is a charitable organization on the face of the enact-

2. Pomeroy's Code Remedies, 5 ed., p. 639.

3. Bancroft's Code Pleading, 1926, p. 3534; Clark on Code Pleading, 2 ed., p. 297.

4. As to the Wyoming law, see Hazard Powder Co. v. Volger, 3 Wyo. 189, 18 P.

636. As to the application of the Rules of Civil Procedure, see Francis v. Humphrey, D.C.Ill., 25 F.Supp. 1; Gallahar v. George A. Rheman Co., D.C.Ga., 50 F.Supp. 655; 1 Barron and Holtzoff, Federal Practice and Procedure, rules ed. 1950, p. 660.

ment, apparently because the statute contains a statement that:

"* * * It * * * shall furnish free to such persons being residents of the county as have no means to pay for the same all necessary facilities and maintenance during the time that such persons without means may be required to remain there * *."

This provision must, of course, be read with the remainder of the section which provides:

"* * * so long as a county board of public welfare shall be functioning in said county * * * and * * * [certain] taxes required * * * the resulting funds in control of said board for hospitalization purposes shall be deemed 'means' for payment of resident indigent hospitalization * * *."

Also, we must bear in mind the purpose of the legislature in the original passage of the hospital Act wherein it was entitled,[5] "An Act to promote the public welfare by encouraging the establishment and maintenance of public Memorial County Hospitals."

In War Memorial Hospital of District No. 1, Park County v. Board of County Commissioners of the County of Park, 73 Wyo. 371, 279 P.2d 472, 475, we said that governmental functions are those conferred or imposed on the municipality as a local agency of limited and prescribed jurisdiction, to be employed in administering the affairs of the State, and promoting the public welfare generally. While we were there discussing a municipal corporation, the same definition is equally valid in determining the character of county activities.[6] The legislature having undertaken to promote the public welfare, we cannot lightly nullify its efforts. We should not

perhaps leave the War Memorial Hospital case without correcting what we think is a misinterpretation of counsel concerning that case. Counsel evidently understand from our opinion in that case that this court considered the establishment of a county hospital not to be a governmental function. What we said was, "To establish and maintain these [hospitals and cemeteries] is not, we think, a distinctive governmental function of the the *city or town*." (Emphasis supplied.)

A comprehensive analysis of immunity from tort liability of a state governmental unit which operates a hospital is found in the Annotation at 25 A.L.R.2d 203 wherein the holdings of different states are delineated. The portion beginning at p. 210 is of particular interest. As is there indicated, the question is not one on which there has been unanimity of view. However, the majority rule is that as a general proposition a governmental unit or agency is immune from liability from torts committed in connection with operating a hospital when operated in the performance of a governmental function.

Plaintiff seems to think that the statutory provision saying that the board of trustees is a body corporate "with power to sue and be sued under the name and style of 'Board of Trustees of the Memorial Hospital of ...... County'"[7] affects the immunity, but he cites no cases in point. The general rule seems to be that the immunity of a governmental agency from tort liability is not affected by a statutory or charter provision that it may sue or be sued, and many cases are cited in the Annotation at 25 A.L.R.2d 203, 224. Even were this not so we would be bound by our own decisions which have for many years recognized such immunity as to cities and towns notwithstanding a specific

---

5. In accordance with Wyo.Const. art. 3, § 24.

6. Jerauld County v. Saint Paul-Mercury Indemnity Co., 76 S.D. 1, 71 N.W.2d 571, 574.

7. Section 18-318, W.S.1957.

granting of power to sue and be sued much more specific than that relating to hospitals. E. g., Wilson v. City of Laramie, 65 Wyo. 234, 199 P.2d 119.

We are in accord with the views expressed in two opinions of our neighboring states. In Lee v. Dunklee, 84 Ariz. 260, 326 P.2d 1117, 1118, a case wherein the patient was injured during treatment, it was said:

"The fact that the county was not required to establish and maintain a hospital but voluntarily exercised that power does not deprive it of governmental immunity. The maintenance of the county hospital was for a purpose essentially public and for the general and common good of the inhabitants of the county, and therefore a governmental function. * * *"

In Elliott v. Lea County, 58 N.M. 147, 267 P.2d 131, 134, wherein the plaintiff (husband of a patient in the hospital) fell into an excavation after leaving the hospital through a door which was marked exit, the court adopted what it held to be the general rule, that the operation of a county hospital is a governmental function and that this applies to invitees who are injured by allegedly negligent premises. The court went on to say:

"In our opinion, nothing has happened in this state during the last thirty-one years which justifies our abandoning our declared policy. If the people of this state desire any change in this policy, it can be and should be done through the legislature and not by judicial fiat."

We are aware of the inequities which often arise by reason of the rule of governmental immunity from tort liability, and we are also cognizant of the fact that such inequities tend to be more numerous with increased governmental activities. Nevertheless, the rule by which state agencies are immune from tort liability while acting in governmental capacity is so well established in this State that any change must be effected by the people through legislative action rather than by the courts. Accordingly, the order of dismissal by the trial court was correct.

Affirmed.