**Franklin E. CARTER et al., Appellants (Plaintiffs below),**

**v.**

**The BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF LARAMIE, State of Wyoming, Appellee (Defendant below).**

**No. 4278.**

Supreme Court of Wyoming.

Jan. 31, 1974.

Robert L. Duncan of Fennell & Duncan, Cheyenne, for appellants.

Edward L. Grant, Deputy County and Pros. Atty., Frederic C. Reed, Deputy Atty. Gen., Crim. Div., Cheyenne, for appellee.

Before PARKER, C. J., and McEWAN, GUTHRIE, McINTYRE, and McCLINTOCK, JJ.

Mr. Chief Justice PARKER delivered the opinion of the court.

Plaintiffs, Laramie County residents and property owners, sought a declaratory judgment to restrain the board of county commissioners from enforcing a July 11, 1972, zoning resolution without having conducted a public election as required by § 18–284 (c. 6, Title 10 [1]), W.S.1957, and including an area beyond the three-mile limit prescribed in § 18–281 of the same chapter and title. According to the facts stipulated by the parties, the board had not pretended to comply with the mentioned statutes but instead purported to act under the authority of c. 6.1, Title 18 (§§ 18–289.1 to 18–289.9), W.S.1957, 1973 Cum. Supp., first passed in 1959 and amended in 1967. The district court decided for the defendant, dismissing the complaint of plaintiffs, who have appealed, arguing that the commissioners were required to conduct an election before establishment of zoning, that the zoning resolution was invalid as exceeding the jurisdictional limitations, and that the provisions of c. 6.1 were unconstitutional as an invalid delegation of legislative authority granted to the county and to the planning and zoning commission. The defendant responds that the provisions of c. 6 are not applicable and that c. 6.1, providing for the establishment of zoning regulations by the board of county commissioners upon the recommen-

dation of a county planning and zoning commission within the county, is a valid and enforceable legislative act and is not an unconstitutional delegation of legislative power to either the board or the commission.

It thus appears that aside from the claimed unconstitutionality of c. 6.1 because of invalid delegation of legislative authority the question presented in the appeal is which of the mentioned legislative provisions controls. Incidentally, plaintiffs argue that there can be no implied repeal of c. 6; but this facet is unimportant since defendant does not so claim, insisting instead that the two pieces of legislation deal with different subjects. Addressing ourselves to the principal question, we consider first the provisions in the respective statutes showing their purposes.

In the 1955 statute, § 18–285, states:

"The purpose of such zoning as provided in this act [§§ 18–281 to 18–289] shall be to conserve and promote the public health, safety, and welfare of the citizens of the county. The board of county commissioners shall provide by resolution for the regulation of sanitary facilities for buildings and other structures. Such sanitary facilities shall mean and include domestic water supply, sewage disposal, rodent and insect control, and the storage, collection and disposal of garbage and refuse."

The provisions of the later acts of 1959 and 1967 state in the first section (§ 18–289.1):

"In order to promote the public health, safety, morals and general welfare, the board of county commissioners of any county shall be and hereby is authorized to regulate and to restrict the location and use of buildings and structures and the use, condition of use or occupancy of lands for residence, recreation, agriculture, industry, commerce, public use, and other purposes in the unincorporated area of the county. * * *"

1. C. 232, S.L. of Wyoming, 1955.

The mere reading of the respective sections relating to the purposes and authority of the board would seem to settle the implicit contention of the plaintiffs that the two chapters cover the same subject. The statements of the respective purposes clearly indicate that the legislature intended to deal with separate subjects and provide authority to accomplish different objectives by the two pieces of legislation.[2]

■ We pass then to the argument that the mentioned provisions of c. 6.1 are unconstitutional as an invalid delegation of legislative authority. Plaintiffs urge that c. 6.1 is unconstitutional as an invalid delegation of legislative authority granted to the board for the reason that ·it violates Art. 2, § 1, Wyo.Const., which provides:

"The powers of the government of this state are divided into three distinct departments: The legislative, executive and judicial, and no person or collection of persons charged with the exercise of powers properly belonging to one of these departments shall exercise any powers properly belonging to either of the others, except as in this constitution expressly directed or permitted."

They assert that since the constitution does not contain a provision which would "expressly direct or permit" such delegation the statute in question is unconstitutional. We cannot agree. The prohibition in that section of the constitution is against the exercise by any department of the government of powers properly belonging to either of the other two departments. There is no showing that such situation exists in this instance. Neither case cited on the point is germane. We need not draw upon other jurisdictions for authority in this field although Wyoming follows the general law.[3] Judge Blume in Board of Trustees of Memorial Hospital of Sheridan

County v. Pratt, 72 Wyo. 120, 262 P.2d 682, 687, said that for a great variety of purposes and governmental functions the legislature may delegate a part of its power over local subjects to municipal corporations, county boards, and other public bodies within the legislative classification of departments and that legislative power of a purely local nature may be delegated to political subdivisions created for the purpose of local self-government. In War Memorial Hospital of District No. 1, Park County, v. Board of County Commissioners of County of Park, 73 Wyo. 371, 279 P.2d 472, 475, we held that governmental functions are those conferred or imposed on the municipality as a local agency of limited and prescribed jurisdiction, to be employed in administering the affairs of the state and promoting the public welfare generally; and in Bondurant v. Board of Trustees of Memorial Hospital of Converse County, Wyo., 354 P.2d 219, 221, we indicated that such holding was equally valid in determining the character of county activities. It follows that in this jurisdiction the legislature may properly delegate a part of its power to both cities and counties for the exercise of governmental functions.

■ Whether plaintiffs' argument that the statutes in question are unconstitutional because they grant authority to the county planning and zoning commission to adopt a comprehensive zoning plan is probably answered by our previous discussion. However, a reading of the statutes indicates that they do not attempt to so delegate. Rather they provide that the planning and zoning commission may prepare a comprehensive plan for the purposes mentioned and recommendations to effectuate the same and certify its recommendation to the board of county commissioners and that after due notice and hearing by the board

---

2. Plaintiffs contend the zoning resolution is invalid because it includes land beyond the three-mile limitation set forth in § 18–281 and the legislature intended by using the word "unincorporated" in c. 6.1 to rely back on the definition of unincorporated as set forth in c.

6. However, we consider this view to be without merit.

3. 4 Antieau, Local Government Law, County Law, § 35.07, p. 119, n. 2 (1966).

the board votes upon the recommendation. Thus, the statute on its face really provides that the authority of the commission is limited to recommendations. In that connection it may be well to mention briefly the case of Plath v. Hi-Ball Contractors, Inc., 139 Mont. 263, 362 P.2d 1021, upon which plaintiffs rely. A careful review of the Plath case discloses that court's reasons for holding the Montana statute unconstitutional. In the first place, Montana had specifically held that municipal corporations did not include counties and that these did not possess the powers of local legislation and control—a holding which is not applicable in Wyoming. Another relevant circumstance in the case was that the statute there under consideration (§ 11-3801, R.C.M.1947) contained the provision that "additional powers be granted legislative bodies of cities and counties to carry out the purposes of this act," which clause the court said, 362 P.2d at 1023, was the crux of the suit and which the court indicated contained no sufficient guidelines, an aspect not here presented. Thus, the Plath decision is not only distinguishable but entirely inapplicable here.

The order of the trial court dismissing the complaint and revoking the order restraining the defendant from enforcing the zoning resolution was proper and is affirmed.

Affirmed.