[No. 33195. Department One. August 18, 1955.]

DARROL LEE LYON, *by Alice Lyon, his Guardian ad Litem, Appellant,* v. TUMWATER EVANGELICAL FREE CHURCH, *Respondent.*[1]

*Foster & Foster,* for appellant.

*Smith Troy* and *Philip W. Richardson,* for respondent.

SCHWELLENBACH, J.—This is an appeal from a judgment dismissing an action for damages arising out of an accident.

In 1932 the Tumwater Evangelical Free Church was incorporated as a nonprofit, religious organization under the predecessor of RCW 24.08, providing for the incorporation of educational, religious, benevolent, or charitable societies, and has continued since that time to operate as such. The church operated a bus every Sunday in order to transport children, without charge, to and from Sunday school. The driver of the bus, who was one of the original incorporators of the church organization, and who, at the time of the accident involved in this lawsuit, was the president of the congregation, testified as to the purpose of operating the bus:

"A. It was to bring children into the Sunday School. We felt that by going out after the children it would be a way

¹Reported in 287 P. (2d) 128.

of them getting in which would increase the number of our Sunday School, and eventually we expected to win them for the Lord and they would become members of our church. . . ."

As to his three children who have all attended Sunday school, he testified:

"A. Well, I believe in the Lord Jesus Christ as my personal Saviour and I believe that a spiritual education has just as much value as our regular education, and by taking my children to Sunday School they will receive a spiritual education."

He had driven the bus for nine years without an accident and testified concerning his selection:

"A. Well, I don't know. There wasn't too many fellows at that time to pick and I had it on my heart to do this kind of work. That is, I was willing to take of my time to do this."

The bus was a 1935 Chevrolet. The two seats ran lengthwise and would accommodate twenty-four passengers.

On Sunday morning, February 1, 1953, the driver was proceeding westerly toward the church on the Fairview road in Thurston county. He and seven passengers were in the bus. The driver saw a car coming from the opposite direction and gradually moved over to the side of the road. He testified that, although both wheels were on the road, the bus began to scratch the brush that was leaning over the right of way. Suddenly he felt the bus jerk. A log which was lying in the brush came through the window of the right door, broke off, knocked the windshield out, and hit and severely injured the plaintiff, an eleven-year-old boy.

This action for damages was commenced by the boy through his guardian *ad litem*, against the church, alleging negligence on the part of the driver as the church's agent. At the close of the plaintiff's case, the trial court dismissed the action on two grounds: (1) that the plaintiff could not maintain an action in tort against the defendant charitable, nonprofit corporation; and (2) that there was a failure of proof of the negligence of the authorized agent of the defendant. This appeal follows.

Until our recent decision in *Pierce v. Yakima Valley Memorial Hospital Association*, 43 Wn. (2d) 162, 260 P. (2d) 765, it has been the settled law of this state that a benevolent, religious or charitable institution is not liable for torts committed by its servant against a patron, in the absence of a showing that it failed to exercise reasonable care in the selection or retention of the servant. See *Susmann v. Young Men's Christian Association*, 101 Wash. 487, 172 Pac. 554.

■ Appellant contends that the rule of charitable immunity has been rejected by the *Pierce* case, and that therefore the doctrine of *respondeat superior* applies to ecclesiastical bodies. That case did not reject the rule of charitable immunity, but merely modified it. There was only one question before us in the *Pierce* case, and it was stated in the first paragraph thereof: "Where a paying patient of a charitable, nonprofit hospital sustains injuries by reason of the negligence of a nurse, may such patient recover damages from the hospital?" We held that such an institution "should no longer be held immune from liability for injuries to paying patients caused by the negligence of employees of the hospital." We do not wish to extend the above holding to apply to a nonprofit, religious organization which transports children, without charge, to and from Sunday school in order that they may receive a spiritual education and eventually become members of a church organization.

In view of what we have said above, it is not necessary to discuss the question of negligence.

The judgment is affirmed.

HAMLEY, C. J., DONWORTH, WEAVER, and OTT, JJ., concur.

---

September 28, 1955. Petition for rehearing denied.