[No. 35506.  Department Two.  January 19, 1961.]

JEANETTE PEDERSEN et al., *Appellants*, v. IMMANUEL
LUTHERAN CHURCH, *Respondent*.[1]

*Thor P. Ulvestad,* for appellants.

*Brethorst, Fowler, Bateman, Reed & McClure,* for respondent.

PER CURIAM.—Jeanette Pedersen (hereafter referred to as the appellant), a member of the Ladies Aid of the respondent church, slipped and fell on the dining-room floor of the church while she was attending a luncheon of the organization.  The members furnished the food which was served at the luncheon, the appellant's contribution being a cake.  In addition, there was a charge of fifty cents.  This money was to defray expenses of the meeting and for charitable purposes of the organization.  The appellant brought this action, alleging negligent maintenance of the floor.

A motion of the respondent for summary judgment was granted, and this appeal followed.

[1]Reported in 358 P. (2d) 549.

The appellant recognizes and accepts the doctrine of charitable immunity as applied by this court. Were that doctrine challenged, this court might be inclined to re-evaluate it, but we cannot properly decide the case upon an issue which has not been raised or argued.

Until this court's decision in *Pierce v. Yakima Valley Memorial Hospital Ass'n,* 43 Wn. (2d) 162, 260 P. (2d) 765, it was the settled law of this state that a benevolent, religious, or charitable institution is not liable for torts committed by its servant against a patron, in the absence of a showing that it failed to exercise reasonable care in the selection or retention of the servant. In that case, the rule was modified to this extent. We held that, where a paying patient of a charitable nonprofit hospital sustains injuries by reason of the negligence of a nurse, he may recover damages from the hospital.

In *Lyon v. Tumwater Evangelical Free Church,* 47 Wn. (2d) 202, 287 P. (2d) 128, damages were sought on behalf of a child who was injured through the alleged negligence of the driver of a bus in which she was being transported, without charge, to Sunday school, the bus being furnished by the church. We held the rule of charitable immunity applicable, saying:

". . . We do not wish to extend the above holding [*Pierce v. Yakima Valley Memorial Hospital Ass'n, supra*] to apply to a nonprofit, religious organization which transports children, without charge, to and from Sunday school in order that they may receive a spiritual education and eventually become members of a church organization."

It is the appellant's contention that she was, like the patient in the *Yakima Valley Memorial Hospital Ass'n* case, a paying patron of the church, inasmuch as she was to pay fifty cents for her lunch and to contribute a cake. In the former case, the hospital was in the business of caring for patients. The church in this case was not in the business of selling lunches, nor did it sell a lunch to the appellant. The appellant was in attendance at the luncheon as a patron of the church to participate in one of its

charitable activities, to which she contributed a cake and was expected to contribute a small sum of money. A payment of this type, made as a contribution to the charitable purposes of the church, is not sufficient to deprive a religious organization of its charitable nature and convert it to a business enterprise.

The court did not err in so holding.

The judgment is affirmed.

March 9, 1961. Petition for rehearing denied.