[No. 2642.   Nov. 28, 1922.]

## MURRAY v. BOARD OF COMMISSIONERS OF GRANT COUNTY.

### SYLLABUS BY THE COURT

Counties are not liable for damages occasioned by defective public highways.

Appeal from District Court, Grant County; Ryan, Judge.

Action by Louis F. Murray against the Board of County Commissioners of Grant County. From a judgment for defendant, plaintiff appeals. . Affirmed.

A. N. White and James Royall, both of Silver City, for appellant.

J. S. Vaught, Dist. Atty., of Deming, for appellee.

### OPINION OF THE COURT

PARKER, J. The appellant brought an action against the board of county commissioners of Grant County to recover damages for injuries received by reason of a defective highway. The facts are that one of the approaches to a bridge on the Silver City-Deming Highway was washed out by an overflow of a creek over which the bridge was located. The county commissioners had taken no steps to protect the public from danger on account of the condition of the highway. The appellant, without negligence, drove his car over the bridge and into the excavation caused by the overflow, thereby suffering personal injuries and damage to his car. A demurrer to the complaint was sustained, and, the appellant electing not to plead further, a judgment of dismissal was entered, from which judgment this appeal is taken.

The sole question in this case is whether, under such a state of facts, a county is liable for damages. The road was a county highway, and the duty of keeping it in repair was imposed upon the county by section 2627, Code 1915. The general rule is established by the great weight of authority that counties are not subject to liabliity for torts committed in the exercise of their governmental functions, unless such liability is established by direct statutory provision. See 15 C. J., "Counties," § 272; 7 R. C. L., "Counties," § 29; 13 R. C L., "Highways," § 256; Dillon Munic. Corp. (5th Ed.) § 1640; McQuillin, Munic. Corp. §§ 2605, 2719. The exemption of counties from liability for torts in the performance of their governmental functions is based upon the proposition that a county is an involuntary subdivision of the state and exercises, by direction and command of the state, a portion of the governmental functions thereof. It is therefore as much exempt from liability for torts as the state itself. See, in this connection, Hughes v. County of Monroe, 147 N. Y. 49, 41 N. E. 407, 39 L. R. A. 33, and extensive note wherein all the cases down to the date of the publication of the report seem to be collected. We do not understand

counsel for appellant to controvert the general prop-
osition above stated. They cite in their brief, in fact,
most of the texts above referred to and admit the gen-
eral rule, and they admit that there is no statute direct-
ly authorizing such an action. They argue, however,
that because section 2627, Code 1915, makes it the duty
of counties to maintain and keep in repair public high-
ways, there is an implied liability in tort for injuries
arising out of their failure to perform their public
duty. That such argument is unsupported by any con-
siderable number of authorities must be conceded.
Counsel cite a few of the minority cases, but they are
not regarded by us as sufficient to depart from the
general doctrine. They further argue that the mainten-
ance of public highways is not a governmental function,
but this argument is likewise contrary to the weight of
authority. Primarily, the establishment and mainten-
ance of public highways is a state function which has
in this jurisdiction, as in probably most of others, been
delegated to counties. See McQuillin, Munic. Corp.
§ 2719.

Counsel for appellant further argue that because
section 1339, Code 1915, provides for a special levy for
the payment of judgments rendered against counties,
there is a means provided for the payment of damages
for torts committed by the county, and that therefore
the counties should be held liable. This argument is
faulty. The provision for the levy of a special tax to
pay judgments is designed to provide means to pay
judgments which are authorized to be rendered against
counties and in no way operates to create a liability
which does not otherwise exist.

It follows from all of the foregoing that the judgment
of the district court was correct and should be affirmed,
and it is so ordered.

BARNES, J., concurs.