## No. 16,608.

BOXBERGER *v.* STATE HIGHWAY DEPARTMENT.
(250 P. [2d] 1007)

Decided November 17, 1952.

Mr. ALDEN T. HILL, Mr. RALPH H. COYTE, Mr. ROBERT H. DARDEN, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. H. LAW-RENCE HINKLEY, Deputy, Mr. EDWARD L. HIGBEE, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

PLAINTIFF in error, as plaintiff in the trial court, on April 26, 1950, filed his complaint alleging, in substance: That on or about June 19, 1947, he executed and delivered to the state highway department of the state of Colorado his deed to access rights to and from a portion of his farm which bordered on state highway No. 185; that said deed was duly recorded; that there was no consideration for said deed; that it was obtained by defendant, which orally made certain representations to plaintiff that the balance of his access rights to the state highway, other than that conveyed by the deed; would not be taken by defendant; that plaintiff would have the right to construct a filling station with access to and from the highway at any other adjacent point on his farm to the highway, where such right was not conveyed by said deed; that in reliance on the representations, the deed was executed; that said representations have proved false, and there has been a complete failure of consideration for the deed; that the deed was delivered through a mutual mistake and misunderstanding; that rescission and cancellation has been demanded of defendant by plaintiff; and plaintiff prays for a decree cancelling and rescinding the deed, or for declaratory judgment to the effect that the said deed is ineffective and void, and for any other proper relief.

Through the Attorney General, defendant filed a motion to dismiss the action on account of insufficient facts to support a claim; that the state highway department is a body corporate and a division of the executive de-

partment of the state of Colorado; that this suit is a suit against the state in its sovereign capacity; that the state and the department are immune from suit whether to rescind the deed or contract, or in tort or otherwise, or at all; that no means exist to realize upon any judgment against the state of Colorado or the department, except by legislative action.

The trial court determined that the motion to dismiss was decisive of the case; that no authority exists in Colorado for such a suit without consent; and finally, sustained the motion to dismiss.

Plaintiff seeks reversal on the ground that this suit is not against the state of Colorado; that immunity from suit does not apply to a matter such as is involved herein; that express or implied consent to sue has been granted; and that no other relief is available to plaintiff.

From the state of the pleadings before us, what may or may not be established upon a full hearing, is not for present consideration. Disposition rests solely on the question of whether or not this action is maintainable, because defendant relies upon sovereign immunity.

 There is no suggestion of denial that the state highway department of the State of Colorado is a body corporate and a division of the executive department of the state. However, that does not change its status from that of an agency of the government with liability to any citizen who may be deprived of his property without due process of law, or who may be deprived of his property without just compensation. This is not an action in tort, nor is it one to impose liability upon the state, nor for the recovery of money that would finally come from the funds of the state treasury, neither would any political or governmental power of the executive branch of the state government be invaded through the relief sought. The doctrine of sovereign immunity originates through the course of unwritten common law. However, plaintiff's protection and his relief is provided for in the

basic written law of our state, namely, section 15, Article II of the Constitution of the State of Colorado, "Private property shall not be taken or damaged, for public or private use, without just compensation." It seems needless to say that neither the executive nor the legislative branches of our government has any right whatsoever to deprive anyone of his life, liberty or property without due process or compensation, and surely it cannot be contended that under our system of government it was not intended that the judicial branch of the government stand open as a haven for the protection of any citizens whose rights have been invaded, whether it be by an individual or by either of the other branches of our government. Our courts are to decide the rights of citizens, whether it be between themselves or between them and the government. It is with pride that we say, and it is freely known to every citizen, that our courts respond immediately to rescue a citizen from those holding him under asserted governmental authority and to give him relief as against the sovereign power if the circumstances warrant. This judicial power is conferred by the same constitutional provision and we see no reason to invoke a different doctrine as to remedy for the citizen whose property is wrongfully held by the sovereign or any other source of imposition. The rights of a citizen remain the same whether they collide with an individual or the government, and judicial tribunals were wisely established to correct such matters without the individual being relegated to the position of no other remedy except to appeal to a legislature, maybe to no avail, as all the people, or the citizens, are, in fact, the sovereign under our desirable form of government. When a citizen resorts to our courts having jurisdiction, and has alleged his right to property, he owes deference to no power that would seek to prevent him from having the ear of the court in praying for an enforcement of a right.

Having now determined that this action is maintainable, it was error for the trial court to sustain the motion

to dismiss the complaint on the grounds there asserted. The judgment is reversed and the cause remanded with directions to the trial court to reinstate the complaint for such further proceedings as may ensue.

MR. CHIEF JUSTICE JACKSON dissents.

MR. JUSTICE STONE not participating.