267 P.2d 131

**ELLIOTT v. LEA COUNTY.**

No. 5732.

Supreme Court of New Mexico.

Feb. 17, 1954.

Neal & Girand, Hobbs, for appellant.

Cowan & Schubert, Joseph O. Walton, Hobbs, Jones, Hardie, Grambling & Howell, El Paso, Tex., for appellee.

LUJAN, Justice.

John Elliott brought an action against Lea County to recover damages for injuries received by him when he stepped into an open unguarded and unlighted ramp while leaving the Lea County Community Hospital premises. The facts are that appellant's wife was a pay patient in the above hospital for surgery; that about eight o'clock in the evening, on May 28, 1951, appellant visited his wife and stayed with her for about an hour; that he had not been at the hospital before and when leaving he asked two employees how to get out; that they instructed him as to the proper exit but he did not understand them; that he saw a door in the hall which had a light with the word "exit" over it and departed by that door; that after he left the

hospital through said door he knew that he had gone out the wrong exit; that there were no lights on the outside; that without knowledge of the terrain of the premises he attemped to work his way to the front of the hospital, and in almost absolute darkness crossed through a flower bed, two curbs and a hedge before falling into the ramp or excavation.

The case was heard by the district judge and a jury. At the conclusion of plaintiff's case as well as at the conclusion of all of the evidence the defendant made a motion for a directed verdict in its favor, which motion was overruled by the court and due exception taken. The jury returned a verdict in favor of plaintiff in the sum of $5,000.

Seasonably thereafter the defendant moved the court for a judgment in its favor notwithstanding the verdict for plaintiff or for a new trial. Whereupon the district judge granted the motion for a judgment in defendant's favor non obstante veredicto, and overruled said motion for a new trial. Judgment was thereupon entered in favor of the defendant and against the plaintiff and he appeals.

The only error assigned by the plaintiff is that:

"The Court erred in sustaining ground one of the Motion for Judgment Notwithstanding the Verdict and in entering Judgment in favor of the defendant notwithstanding the verdict."

Ground one of the motion reads as follows:

"(1) Because the undisputed testimony in the case shows that the Defendant at all times was a political subdivision, and that Lea County Community Hospital where the Plaintiff alleges he was injured was maintained and operated by the Defendant, and in maintaining and operating said hospital the Defendant was exercising a governmental power and was not legally liable for the tort alleged by the Plaintiff, and that this Honorable Court erred in failing to so hold."

The judgment entered against the plaintiff reads:

"(1) That at all times material hereto the defendant Lea County, New Mexico, was engaged in the operation of a county hospital in Hobbs, New Mexico, and the tort which forms the basis of said action occurred in connection with the operation by Lea County, New Mexico, of said county hospital. That the operation of a hospital by Lea County, New Mexico, is a governmental function, and Lea County, New Mexico, is not responsible for damages resulting from torts arising out of their operation of said hospital, by reason of which Ground

One of the Motion for Judgment is well taken and should be sustained.

"(2) The remaining grounds of said Motion should be overruled.

"It is, therefore, considered and ordered by the court That Ground One of the Motion for Judgment should be and it is sustained and the verdict of the Jury and Judgment heretofore entered in this cause should be and they are set aside and Judgment should be and it is entered in favor of the defendant and against the plaintiff * * *."

The appellant relies strongly for a reversal on the authority of Barker v. City of Santa Fe, 47 N.M. 85, 136 P.2d 480, and asks us to extend the doctrine therein stated to the case at bar, but we are unwilling to do so.

Two cases which lend support to appellant's contention are Henderson v. Twin Falls County, 56 Idaho 124, 50 P.2d 597, 101 A.L.R. 1151 and Suwannee County Hospital Corporation v. Golden, Fla., 56 So. 2d 911. The decisions in those cases rested upon the distinction between governmental and proprietary functions. The court held, in each case, that in supplying hospital care to paying patients the hospitals were acting in a proprietary and corporate capacity, and therefore liable to their patients for the negligence of its employees. The above cases represent decidedly the minority rule and we refuse to follow them.

In Board of County Commissioners of Bernalillo County v. McCulloh, 52 N.M. 210, 195 P.2d 1005, we held that a hospital was a necessary public building as the phrase is used in Section 10 of Article 9 of the New Mexico Constitution, which permits counties to vote bonds for necessary public buildings, which, we believe, resulted in a holding that the operation of a hospital was a governmental function.

We hold with the majority rule that the operation of a county hospital is a governmental function.

In 20 C.J.S., Counties, § 220, pages 1075, 1076 it is said:

"The general rule, as to which courts have been said to be practically unanimous, is that in the absence of statute creating such liability, a county is not liable for the tortious acts or omissions of its officers, agents, servants, or employees; but this rule is not of universal application, and it is more particularly held that in the absence of statute a county is not liable for tortious acts of its officers, agents, or servants committed by them while engaged in a governmental capacity or in the discharge of a governmental function. The general rule of law that the superior or employer must answer civilly for the negligence or want of

skill of his agent or servant in the course or line of his employment, by which another is injured, is not ordinarily applied to counties; and the rule as to nonliability holds good even though the officer or agent is acting under the direction of the county board or other county authority. These rules have been applied to suits against the county by prisoners and by patients in county hospitals. * * "

Chapter 148 of the Session Laws of 1947 provides:

"Section 1. All counties shall have the power to construct, purchase, own, maintain and operate hospitals, including isolation wards, and to purchase the necessary land therefor.

"Section 2. All such counties may, for the purpose of maintaining and operating such hospitals and isolation wards, levy and collect taxes in the same manner as taxes for other general purposes are levied and collected in such counties.

&ast; &ast; &ast; &ast; &ast; &ast;

"Section 6. Counties by their board of county commissioners are authorized to make agreements with state or county agencies or other agencies for the care of sick and indigent persons.

&ast; &ast; &ast; &ast; &ast; &ast;

"Section 8. The board of county commissioners of such county or counties constructing, maintaining or operating such hospital or isolation ward shall be the governing body of such hospital and isolation ward, and shall have the power and authority to establish regulations for the operation of such hospitals and isolation wards, including the right to establish reasonable charges for hospital service for those who are able to pay therefor.

"Section 9. All such counties are hereby authorized to do all acts and make all regulations which may be necessary or expedient for the promotion of this Act."

It is to be noted that there is no provision in the act providing for suits against the counties for any dereliction of duty on their part, nor for any torts committed by any of its officers, servants or agents in the operation and management of hospitals.

The instant case is controlled by what was held in Murray v. Board of Commissioners of Grant County, 28 N.M. 309, 210 P. 1067. In that case one of the approaches to a bridge on the Silver City-Deming Highway was washed out by an overflow of a creek over which the bridge was located. The county commissioners had taken no steps to protect the public from danger on account of the condition of the highway. The appellant, without negligence, drove his car over the bridge and into the excavation caused by the over-

flow, thereby suffering personal injuries and damage to his car. A demurrer to the complaint was sustained, and, the appellant electing not to plead further, a judgment of dismissal was entered.

Mr. Justice Parker speaking for the court said:

"The sole question in this case is whether, under such a state of facts, a county is liable for damages. The road was a county highway, and the duty of keeping it in repair was imposed upon the county by section 2627, Code 1915. The general rule is established by the great weight of authority that counties are not subject to liability for torts committed in the exercise of their governmental functions, unless such liability is established by direct statutory provision. See 15 C.J., 'Counties,' § 272; 7 R.C.L., 'Counties,' § 29; 13 R.C.L., 'Highways,' § 256; Dillon Munic. Corp. (5th Ed.) § 1640; McQuillin, Munic. Corp. §§ 2605, 2719. The exemption of counties from liability for torts in the performance of its governmental functions is based upon the proposition that a county is an involuntary subdivision of the state and exercises, by direction and command of the state, a portion of the governmental functions thereof. It is therefore as much exempt from liability for torts as the state itself. See, in this connection, Hughes v. County of Monroe, 147 N.Y. 49, 41 N.E. 407, 39 L.R.A. 33, and extensive note wherein all the cases down to the date of the publication of the report seem to be collected. We do not understand counsel for appellant to controvert the general proposition above stated. They cite in their brief, in fact, most of the texts above referred to and admit the general rule, and they admit that there is no statute directly authorizing such an action. * * * Counsel cite a few of the minority cases, but they are not regarded by us as sufficient to depart from the general doctrine. They further argue that the maintenance of public highways is not a governmental function, but this argument is likewise contrary to the weight of authority. * * *"

And in Vigil v. Penitentiary of New Mexico, 52 N.M. 224, 195 P.2d 1014, Justice McGhee speaking for the court said:

"By the overwhelming weight of authority from other states such an action against a corporation like the defendant in this case is held to be an action against the state which cannot be maintained under the general power given such corporations to sue and be sued, absent specific legislative permission. Indeed, the cases hold that a cause of action for tort does not exist against the state or such a corporation

as this defendant, in the absence of a specific statute authorizing it. * *"

In Moore v. Walker County, 236 Ala. 688, 185 So. 175, 177, the court said:

" * * * The authorities are practically unanimous in holding that a county is not liable to an individual for an injury sustained, 'because of its failure to exercise a governmental power with which it is clothed, or because it is not exercised in the manner most conducive to the safety of the public; or because of the negligence or unskillfulness of its officers or agents, *in the absence of a statute expressly declaring the liability.*' * *
* *. * * * *

"The fact that the county required or received pay, from such of the patients in the hospital as were able to pay, cannot serve to destroy the charitable character or purposes of the hospital, nor convert it into a proprietory institution. It still remained a charitable hospital, operated as a governmental institution. The evident purpose of allowing the hospital to admit patients who were able to pay, and to charge admission fees to such persons, was to reimburse the county for expenditures. * * *"

See, also, White v. Alabama Insane Hospital, 138 Ala. 479, 35 So. 454; City of Dallas v. Smith, 130 Tex. 225, 107 S.W.2d 872; 26 Am.Jur. (Hospitals and Asylums) Section 13, page 594; Annotation in 49 A.L.R. pages 379, 380 and 384; Annotation in 101 A.L.R. page 1167; and Annotation in 16 A.L.R.2d 1083.

■■ In our opinion, nothing has happened in this state during the last thirty-one years which justifies our abandoning our declared policy. If the people of this state desire any change in this policy, it can be and should be done through the legislature and not by judicial fiat.

It follows from all of the foregoing that the judgment of the district court was correct and it should be affirmed.

It is so ordered.

McGHEE, C. J., and SADLER, COMPTON, and SEYMOUR, JJ., concur.