## CITY OF LELAND *v.* LEACH

No. 39892 April 2, 1956 86 So. 2d 363

*John C. Webb,* Greenville; *Taylor Webb,* Leland, for appellant.

*Howard Dyer, Jr.,* Greenville, for appellee.

HOLMES, J.

The appellee recovered a judgment against the appellant and its codefendant below, Mina Carollo, for damages in the sum of $9,615.00 alleged to have been sustained while a pay-patient in the City Hospital at Leland, Mississippi. Liability was predicated upon the claimed negligence of Mina Carollo, while serving as a nurse and employee of the appellant in said hospital, in failing to raise the bedrail attached to the bed occupied by the appellee, and thereby causing the appellee to fall out of bed and break her hip. The appeal here is by the City of Leland only.

Among other assignments of error is appellant's assignment that the trial court erred in not sustaining its motion at the close of the plaintiff's evidence to exclude the evidence and direct a verdict for the City upon the ground that in operating the hospital the City was exercising a governmental function and is, therefore, immune from liability for the negligent acts of its servants and employees. In view of our conclusion that

this motion should have been sustained, we address ourselves to this assignment only.

It is admitted in the pleadings and the proof that the City of Leland is a municipality, and, as such, owned and operated the hospital at the time the appellee sustained her injury. It is not charged in the declaration, and it is not contended, that the appellant was not operating the hospital pursuant to lawful authority. We are, therefore, not concerned with the question whether the appellant was operating the hospital pursuant to the provisions of Sections 7129-50, 7129-51, and 7129-52, Mississippi Code of 1942, as amended, or other statutory authority. That question is not presented. The question before us is whether or not the operation of the hospital by the appellant as charged by the appellee is the exercise of a private function or a public or governmental function.

■■■ ■ The fact that the legislature has seen fit to enact legislation authorizing municipalities to acquire and operate hospitals and levy a tax upon taxable property for the maintenance and support thereof is a recognition of the public function to be performed by such municipality in the exercise of such authority.

Further, we think the question presented has been foreclosed by the prior decisions of this Court. In the case of City of Hattiesburg v. Geigor, 118 Miss. 676, 79 So. 846, this Court quoted with approval from 9 McQuillin, Municipal Corporations, pp. 5404-5407, as follows:

"There are some duties the nature of which as governmental is too well settled to be disputed, such as the establishment and maintenance of schools, hospitals, poorhouses, fire departments, police departments, jails, workhouses, and police stations, and the like. In fact, duties connected with the preservation of the peace or health, or the prevention of the destruction of property by fire are all governmental duties, without question,

and hence there is no municipal liability for torts in connection therewith, or at least not unless under peculiar circumstances.''

In the case of Bradley v. City of Jackson, 153 Miss. 136, 119 So. 811, the Court said: ''In the establishment and regulation of schools, hospitals, poorhouses, fire departments, police departments, jails, workhouses, and police stations, municipalities act in their governmental capacity. There seems to be practically no conflict in the authorities to that effect; . .''

Again in the case of Jones v. City of Amory, 184 Miss. 161, 185 So. 237, the Court said: ''In the establishment and regulation of schools, hospitals, poorhouses, fire department, police departments, jails, workhouses, and the construction of buildings for those purposes, municipalities act in their governmental, and not their private, capacity.''

It is true, as argued by the appellee, that none of the above cases involved a hospital, but the pronouncement of the Court in each of said cases is clear and unmistakable to the effect that the operation of a hospital by a municipality is a governmental and not a private function. Hospitals are an aid to the protection of the public health and the preservation of the public health is one of the prime considerations of government. In 39 C.J.S., Health, Sec. 2, it is said: ''It is a well recognized principle that the protection of the public health is one of the first duties of government.''

It follows from what has been said that the judgment of the court below must be, and it is, reversed and judgment rendered here for the appellant.

Reversed and judgment here for appellant.

*Roberds, P.J.,* and *Hall, Kyle* and *Gillespie, JJ.,* concur.