326 P.2d 1117

Annie Williams LEE, formerly known as Annie Williams, Appellant,

v.

Carol DUNKLEE; Jessie Evelyn Bosse; Cecelia Ainsa; Elmer G. King; Norman A. Ross; and James E. Lindsay, James O. Lecky and David P. Kimball, formerly constituting the Board of Supervisors of Maricopa County, Arizona; Maricopa County, Arizona, a body politic, Appellees.

No. 6357.

Supreme Court of Arizona.

June 25, 1958.

Ira J. Bergman, Phoenix, for appellant.

Shimmel, Hill, Cavanagh & Kleindienst, and John E. Savoy, Phoenix, Charles C. Stidham, County Atty., and J. J. Caretto, Deputy County Atty., Phœnix, for appellees.

JOHNSON, Justice.

Appeal by plaintiff from a judgment of dismissal entered on an order sustaining a motion to dismiss of defendant, Maricopa County, and certain of its employees.

The complaint alleged that Laurence Williams, infant son of the plaintiff, age seven months, was admitted for treatment to the hospital maintained and operated by the County of Maricopa, who accepted and rendered hospital and medical services both to indigent and paying patients. The complaint did not allege that the deceased was a paying patient. On October 22, 1951, the infant was severaly scalded or burned in the pediatric ward while being treated by an attendant, due to the negligence of an attendant, and died a few days later.

The motion to dismiss was sustained on the ground the complaint does not state facts sufficient to constitute a cause of action. The question is whether a county which operates a general hospital and imposes a charge for the care and treatment is immune from liability in tort for the negligence of its agents.

Plaintiff contends that because the statute of this state (§ 17–348, A.C.A.1939 [1]) specifically authorizes the hospital to admit pay patients, in so doing the hospital operates in a proprietary capacity and rule of governmental immunity is not applicable.

Plaintiff relies principally upon the cases of Henderson v. Twin Falls County, 56 Idaho 124, 50 P.2d 597, 101 A.L.R. 1151, and Suwannee County Hospital Corporation v. Golden, Fla., 56 So.2d 911; however, we agree with the disposition the Supreme Court of New Mexico made of those cases in Elliott v. Lea County, 58 N.M. 147, 267 P.2d 131, 132, wherein the court said:

"  *   *   *   The decisions in those cases rested upon the distinction between governmental and proprietary functions. The court held, in each case, that in supplying hospital care to paying patients the hospitals were acting in a proprietary and corporate capacity, and therefore liable to their patients for the negligence of its employees. The above cases represent decidedly the minority rule and we refuse to follow them."

See also 25 A.L.R.2d 229.

■  We hold with the majority rule that the operation of a county hospital is a governmental function, and that the county as an arm of the state is immune from suit and liability by indigent patients for the negligence of its officers or employees, 20 C.J.S. Counties § 220, and 14 Am.Jur., Counties, §§ 48 and 49; and that the imposition of a charge for service on those able to pay is not inconsistent with the exercise of a governmental function. Waterman v. Los Angeles County General Hospital, 123 Cal.App.2d 143, 266 P.2d 221; Talley v. Northern San Diego County Hospital Dist., 41 Cal.2d 33, 257 P.2d 22; and 25 A.L.R.2d 229, and cases cited.

Plaintiff also contends that the doctrine of immunity is not applicable if the county proceeded to build, maintain and operate a hospital when there was no mandatory duty imposed by law upon it compelling such action.

■  Section 17–401, A.C.A.1939,[2] provides:

"The boards of supervisors in each county of the state shall have the sole and exclusive jurisdiction to provide for the hospitalization and medical care of the indigent sick in such county,  *   *   *."

While we have held that it is a mandatory duty of the supervisors to provide medical attendance for the indigent sick, Industrial Commission v. Navajo County, 64 Ariz. 172, 167 P.2d 113, we do not believe under the provisions of the above quoted section there

1. Now A.R.S. § 11–298.

2. Now A.R.S. § 11–291.

is a mandatory duty to erect a hospital to comply therewith.

The fact that the county was not required to establish and maintain a hospital but voluntarily exercised that power does not deprive it of governmental immunity. The maintenance of the county hospital was for a purpose essentially public and for the general and common good of the inhabitants of the county, and therefore a governmental function. 25 A.L.R.2d 223.

In the case of Gartman v. City of McAllen, 130 Tex. 237, 107 S.W.2d 879, 880, it is said:

"The fact that the city was not required to establish and maintain a hospital but voluntarily exercised the power does not change the nature of the power. The maintaining of such hospital was the exercise of a power conferred upon the city for a purpose essentially public, a governmental function, and was not the performance of a work quasi public in character undertaken and intended for the private advantage and benefit of the locality and its inhabitants."

We realize that it is a harsh rule of law which deprives a person of recourse against a county for injuries caused by the negligence of county employees entrusted with the treatment and care of a patient solely upon the doctrine of governmental immunity. The trend of recent judicial decisions is to restrict the doctrine of governmental immunity. Latham v. Santa Clara County Hospital, 104 Cal.App.2d 336, 231 P.2d 513; People v. Superior Court, 29 Cal.2d 754, 178 P.2d 1, 40 A.L.R.2d 919; Barker v. City of Santa Fe, 47 N.M. 85, 136 P.2d 480. We agree with the statement of the presiding justice in his concurring opinion in Madison v. City and County of San Francisco, 106 Cal.App.2d 232, 234 P.2d 995, 1008, 236 P.2d 141, while holding a county not liable for the tortious acts of its agents in the operation of a county hospital clearly indicated that the whole doctrine of governmental immunity for tort needs reappraisal, stated:

"The doctrine of nonliability of government for tort is largely predicated, as the main opinion points out, on the old common law legal fiction that the king could do no wrong. However logical such doctrine may have been when the courts were, in a realistic sense, the king's courts, and however practical the doctrine may have been when government was limited in its activities and revenues, under modern conditions the original reasons for the rule no longer exist. When the reason for the rule is gone, the rule should be abrogated. Blind following of antiquated and outgrown precedent should not be countenanced."

However, whether the doctrine of governmental immunity should be modified

in this state is a legislative question and such policy should be declared and the extent of liability definitely fixed by that body and not by judicial fiat. Larsen v. Yuma County, 26 Ariz. 367, 225 P. 1115.

We hold, therefore, that the trial court did not err in granting defendants' motion to dismiss.

Judgment affirmed.

UDALL, C. J., and WINDES, PHELPS, and STRUCKMEYER, JJ., concurring.