No. 18,700.

GRACE FABER, ET AL. *v*. STATE OF COLORADO, ET AL.

(353 P. [2d] 609)

Decided May 31, 1960.

Messrs. TILLY & SKELTON, Mr. WILBUR M. ALTER, for plaintiffs in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. JOHN P. HOLLOWAY, Assistant, for defendants in error.

Messrs. HENRY & ADAMS, Mr. VICTOR QUINN, amici curiae.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

GRACE FABER and Bert Faber, to whom we will refer

as plaintiffs, filed an action against defendants, the State of Colorado and the Department of Highways, in which they sought to recover damages for alleged tortious acts.

The attorney general, on behalf of defendants, filed a motion to dismiss the action. The motion set forth two grounds, viz: (1) The statute of limitations; and (2) "That these defendants are immune from liability in tort, * * *." The trial court sustained the second ground of the motion to dismiss and entered judgment accordingly. Plaintiffs are before this court on writ of error.

Plaintiffs argue that both the federal and state constitutions require that the state be held liable in tort. They offer three different theories. It is chiefly argued that due process of law requires such a holding. It is also contended that equal protection of the law, and sections 3 and 6 of Article II of the Colorado Constitution require that the state be held liable for damages in actions founded on tort.

Counsel for plaintiffs rely on *Boxberger v. State Highway Department,* 126 Colo. 438, 250 P. (2d) 1007; *Ace Flying Service, Inc. v. Colorado Department of Agriculture, et al.,* 136 Colo. 19, 314 P. (2d) 278; and *Colorado Racing Commission, et al. v. Brush Racing Association, Inc.,* 136 Colo. 279, 316 P. (2d) 582. None of those cases involved a claim for damages for injuries resulting from negligence of agents of instrumentalities of the state. They involved the right of persons to sue the state in actions founded on contract, and are authority for the proposition that where the state enters into contractual relations, the persons dealing with the state are entitled to enforce the contractual rights arising therefrom by resort to judicial proceedings, and the state cannot defeat the action by reliance upon a claim of sovereign immunity from suit.

The due process clause and other constitutional provisions relied on by plaintiffs operate only to prohibit the deprivation of "rights" where such "rights" exist under substantive law. In this jurisdiction and

generally throughout the country, it has been uniformly held that in the absence of a statute creating such liability, the state and its instrumentalities are not liable in tort. Under the substantive law the claimed "right" is nonexistent. The equal protection of the laws provision of the federal constitution, and sections 3 and 6, Article II of the Colorado Constitution, which declare certain rights to be inalienable and guarantee judicial process for their protection, are not violated by application of the rule that the state and its instrumentalities are not liable in tort actions. Our recent opinion in *Denver v. Madison*, No. 18,365, announced January 11, 1960, contains citations to a number of cases which control the result in the instant case.

We recognize that there have been numerous criticisms of the rule applied in this case, emanating from various legal writers, judges and students of the law. However, their criticisms and comments should be addressed to the legislature where constitutional authority rests to amend the law. *Jerauld County v. Saint Paul-Mercury Indemnity Co.*, 76 So. Dak. 1, 71 N.W. (2d) 571; *Maffei v. Incorporated Town of Kemmerer* (Wyo.), 338 P. (2d) 808; *Lee v. Dunklee*, 84 Ariz. 260, 326 P. (2d) 1117; *Garrett v. Escambia County Hospital Board*, 266 Ala. 201, 94 So. (2d) 762.

The judgment is affirmed.

MR. JUSTICE HALL and MR. JUSTICE FRANTZ dissent.

MR. JUSTICE FRANTZ dissenting:

I am not in accord with the reasoning or the result of the majority opinion in this case. What I said in *Denver v. Madison*, 142 Colo. 1, 351 P. (2d) 826, and what has been said by Mr. Justice Hall and by myself in the case of *Liber v. Flor*, released this day, apply with equal force to this case.

In the majority opinion it is stated that:

"We recognize that there have been numerous criti-

cisms of the rule applied in this case, emanating from various legal writers, judges and students of the law. Their criticisms and comments should be addressed to the legislature where constitutional authority rests to amend the law."

I take issue with the suggestion that any modification of the rule applied by the majority be addressed to the legislature "where constitutional authority rests to amend the law." The suggested legislation is unnecessary, because the constitution has already recognized and preserved the right of the plaintiffs, in that men have certain "natural, essential and inalienable rights, among which may be reckoned the right of enjoying and defending their lives * * * and of seeking and obtaining their safety * * * " Integrity of the complete physical person is constitutionally guaranteed, and there is no need for the legislature to grant what is already insured preservation by this fundamental document.

Mr. Justice Hall dissenting:

I respectfully dissent from the majority opinion for the reasons I have expressed in *Liber v. Flor, et al.,* decided this day, and for further reasons as herein set forth.

The majority opinion states:

" * * * The equal protection of the laws provision of the federal constitution, and sections 3 and 6, Article II of the Colorado Constitution which declare certain rights to be inalienable and guarantee judicial process for their protection, are not violated by application of the rule that the state and its instrumentalities are not liable in tort actions. * * *."

Such statement may serve to convince Fabers that they cannot win, but affords no explanation as to why they must suffer from injuries inflicted upon them through negligent acts of others and without redress. Their constitutional rights are rendered meaningless by this language.

The majority opinion acknowledges the fact that the announced rule has been criticized by writers, *judges* and students of the law. A very forthright, scholarly and lucid criticism is to be found in *Ace Flying Service, Inc. v. Colorado,* 136 Colo. 19, 314 P. (2d) 278, wherein Justice Moore stated:

" 'A legal right to damage for an injury is property and one cannot be deprived of his property without due process. * * *.' Rosane v. Senger, 112 Colo. 363, 149 P. (2d) 372.

\* \* \*

"In my judgment this question [is the state immune from suit in a certain situation] should be answered in the negative. To give an affirmative answer would mean that the due process clause of the constitution had been watered down or amended to read, *'No person* shall be deprived of life, liberty or property, without due process of law *by any person other than the sovereign State of Colorado.'* This I cannot sanction. Unjust and unreasonable exercise of sovereign power is the very thing which the constitutional provision was designed to prevent.

\* \* \*

*"Whatever may have been the rule heretofore, I am of the firm opinion that any citizen may resort to litigation to protect his life, liberty or property even though his adversary be the sovereign state of Colorado.* The constitution cannot be so nullified as to permit the state to deprive a citizen of 'property' without due process of law. * * * The common law doctrine of sovereign immunity cannot prevail against the constitutional guarantee of a day in court for every claim based on an asserted property right. * * * .

"If the right to acquire, possess, and *protect,* property is 'inalienable,' *the individual cannot be deprived of it without his consent, either by the legislature or by the outmoded common law doctrine of sovereign immunity.* There is no adequate way to protect property if resort

to the judicial process is withdrawn. The constitutional right to protect property is guaranteed to *all persons* and we should not by judicial pronouncement alter or qualify those words to mean 'all persons except those doing business with the state.'

\* \* \*

" \* \* \* I am satisfied that the provisions of the constitution under discussion were intended to serve a definite purpose, and that where the plain meaning of the words employed are pertinent to a dispute this court should not hesitate to apply them to protect the individual citizen in the practical enjoyment of the inalienable rights guaranteed to him by that constitution.

*"I reach this conclusion notwithstanding former opinions of this court in which no reference is made to the said constitutional provisions.* If constitutional government is to survive we must give practical effect to the fundamental law in resolving the problems of the individual citizen. *A Bill of Rights which sets forth freedoms which are stated to be 'inalienable' amounts to nothing if by fanciful judicial interpretation these rights are frittered away until nothing is left but an empty shell for display purposes on patriotic occasions.* \* \* \* .

\* \* \*

*"The guaranty of our constitution that a speedy remedy shall be afforded for every injury to property, is not met by the argument that the 'remedy' available is to seek relief at the hands of the legislature. I make this assertion notwithstanding language indicating a contrary view to be found in State of Colorado v. Colorado Postal Telegraph-Cable Co.,* 104 Colo. 436, 91 P. (2d) 481. \* \* \*." (Emphasis supplied.)

I heartily concur in the above statement of Justice Moore, and in so doing feel that I must register dissent to the majority opinion.

I am authorized to state that Mr. Justice Franz concurs in this dissent.