## No. 19,282.

JULIUS BERGER, ET AL. *v.* DEPARTMENT OF HIGHWAYS,
STATE OF COLORADO.
(353 P. [2d] 612)

Decided May 31, 1960.

Mr. PHILIP ROSSMAN, Mr. MELVIN ROSSMAN, for plaintiffs in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. JOHN P. HOLLOWAY, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

PLAINTIFFS in error as plaintiffs brought this action in the district court of the City and County of Denver in which they named the Department of Highways of the State of Colorado as defendant. We will so refer to them.

It was alleged in the complaint that the Department

of Highways is obligated by law, "to take care of, patrol, repair, maintain, supervise, control and otherwise handle the care and maintenance of the highways, byways, roads and land abutting and adjacent thereto, and to control traffic and other conditions existing thereon in the State of Colorado"; that on August 21, 1957, the minor son of plaintiffs was killed while riding in an automobile on state highway No. 6 at a point in Clear Creek canon east of Idaho Springs, Colorado; that the death was caused when a boulder fell from a precipitous bank at the side of the highway striking the car with great force, as a result of which the death ensued. It is further alleged that the Department of Highways, its agents and employees were negligent in failing to guard against the falling of said boulder.

Defendant filed a motion to dismiss on the ground that the complaint failed to state a claim upon which relief could be granted. This motion was sustained and judgment entered for defendant. The cause is before this court on writ of error to review that judgment.

This case is in all respects governed by the decision of this court in *Faber v. State of Colorado and The Department of Highways,* decided this date. Our opinion in that case adheres to the doctrine that no liability attaches in tort actions for injuries sustained by plaintiff which are proximately caused by the negligence of servants of the state or of its agencies.

The judgment is affirmed.

MR. JUSTICE HALL and MR. JUSTICE FRANTZ dissent.