369 P.2d 271

**Lupe HERNANDEZ and Mary Hernandez, his wife, Appellants,**

**v.**

**The COUNTY OF YUMA, a body politic, Appellee.**

**No. 7011.**

Supreme Court of Arizona.

En Banc.

March 7, 1962.

Nebeker & Nebeker, Yuma, for appellants.

Bill Helm, Yuma County Attorney, Yuma, for appellee.

STRUCKMEYER, Justice.

Mary Hernandez, as plaintiff, brought this action against the County of Yuma for personal injuries sustained while a patient in the county hospital. In her complaint she alleged that the hospital admitted to its facilities paying patients, that she was admitted as a private and paying patient paying the usual and customary charges, and that while in the hospital an employee negligently and carelessly placed a bedpan of boiling water under her from which she sustained severe burns to her body. Yuma County moved to dismiss on the ground that the complaint failed to state a claim for relief. From a judgment of dismissal plaintiff appeals.

Plaintiff urges that as to paying patients the operation of the hospital by Yuma County was in a proprietary capacity. Yuma County relies on the statements of

this Court in Lee v. Dunklee, 84 Ariz. 260, 326 P.2d 1117. There, an action was brought against Maricopa County for damages incurred in the operation of its hospital. We said that the imposition of a charge for service on those able to pay is not inconsistent with the exercise of a governmental function. Although the complaint did not allege a paying patient, we adopted a quotation from Elliott v. Lea County, 58 N.M. 147, 267 P.2d 131, that we would not follow those cases holding that in supplying hospital care to paying patients county hospitals were acting in a proprietary capacity. An examination of the Lee case plainly establishes that the question now raised was only indirectly presented since to reach the question an inference had to be drawn from facts not pleaded. Clearly, that portion of Lee v. Dunklee relied upon by appellee was dictum. Dictum is not binding precedent, In re Moore's Estate, 67 Ariz. 65, 190 P.2d 914, and does not control subsequently where the issue is directly presented.

■ In Lee v. Dunklee this Court refused to recede from the doctrine of governmental immunity, stating that the problem was legislative. We now express doubts concerning that statement. Concededly a court adopting a rule of law has the power to abrogate it. When the reason for the rule no longer exists, the court's responsibility does not terminate because the legislature through indifference or otherwise has not acted. Certainly there can be no justification for the extension of a rule universally criticized as an anachronism without rational basis. It requires but a slight appreciation of the facts to realize that if the individual citizen is left to bear almost all the risk of a defective, negligent, perverse or erroneous administration of the state's functions, an unjust burden will become graver and more frequent as the government's activities are expanded and become more diversified. Borchard, Governmental Liability in Tort, 34 Yale L.J. 1.

■ The Board of Supervisors of a county has the sole and exclusive authority to provide for the hospitalization and medical care of the indigent sick in the county. A.R.S. § 11–291. This is its mandatory duty. Industrial Commission v. Navajo County, 64 Ariz. 172, 167 P.2d 113. But there is no duty to erect and maintain a hospital. If the county does so, it is not deprived of governmental immunity in the operation by exacting a charge for services from those able to pay. Lee v. Dunklee, supra. The imposition of a charge for care and services against those able to pay is not of itself inconsistent with the exercise of a governmental function, and so has no bearing on the question of the government's immunity from liability for torts. See 25 A.L.R.2d 203, Anno. 229, 230.

The distinction has been drawn that in the operation of a hospital by a governmental

agency if a paying patient is negligently injured, as to that patient, the hospital is operating in a proprietary capacity. Wittmer v. Letts, 248 Iowa 648, 80 N.W.2d 561; Carlson v. Marinette County, 264 Wis. 423, 59 N.W.2d 486; Suwannee County Hospital Corp. v. Golden, 56 So.2d 911 (Fla.1952) cf. Smith v. Duval County Welfare Board, 118 So.2d 98 (Fla.App.1960); Henderson v. Twin Falls County, 56 Idaho 124, 50 P.2d 597, 101 A.L.R. 1151. The distinction has not been followed in some jurisdictions. Shaffer v. Monongalia General Hospital, 135 W.Va. 163, 62 S.E.2d 795; Garrett v. Escambia County Hospital Board, 266 Ala. 201, 94 So.2d 762; McMahon v. Baroness Erlanger Hospital, 43 Tenn.App. 128, 306 S.W.2d 41; City of McAllen v. Gartman, 81 S.W.2d 147 (Tex.Civ.App.), aff'd. 130 Tex. 237, 107 S.W.2d 879; Schroeder v. City of St. Louis, 360 Mo. 293, 228 S.W.2d 677, 25 A.L.R.2d 200; Talley v. Northern San Diego County Hospital Dist., 41 Cal.2d 33, 257 P.2d 22; but see Muskopf v. Corning Hospital Dist., 55 Cal.2d 211, 11 Cal.Rptr. 89, 359 P.2d 457.

The reasoning of those cases observing the distinction is more appealing. As stated, the rule of governmental immunity is today without rational basis and hence there is no logical compulsion to extend it because there is a voluntary mingling of governmental and proprietary functions. Reason suggests that a patient who pays for professional services ought to be entitled to

the same protection and the same redress for wrongs as if the negligence had occurred in a privately owned and operated hospital. cf. Ray v. Tucson Medical Center, 72 Ariz. 22, 230 P.2d 220. If the government is to enter into businesses ordinarily reserved to the field of private enterprise, it should be held to the same responsibilities and liabilities.

The judgment of the court below is reversed with directions to reinstate the complaint.

BERNSTEIN, C. J., UDALL, V. C. J., and JENNINGS and LOCKWOOD, JJ., concur.