380 P.2d 168

Delman A. CLARK, Plaintiff-Appellant,

v.

The RUIDOSO–HONDO VALLEY HOSPITAL and Claude Whitlock, Defendants-Appellees.

No. 7145.

Supreme Court of New Mexico.

March 29, 1963.

**10**

Albert J. Rivera, Alamogordo, Smith, Kiker & Kitts, Albuquerque, for appellant.

J. D. Weir, J. R. Crouch, Dan Sosa, Jr., Las Cruces, for appellees.

1. Anno., 25 A.L.R.2d 203, at 210; see, also, Anno., 60 A.L.R.2d 1198, particularly footnotes 1, 2, 4 and 6, at 1199, citing various articles criticizing the immunity doctrine.

CARMODY, Justice.

This appeal is from the judgment of the trial court dismissing a suit against the defendants on the ground that the hospital was engaged in the performance of a governmental function and is immune from tort liability.

The appellant frankly concedes that our decision in Elliott v. Lea County, 1954, 58 N.M. 147, 267 P.2d 131, is directly contrary to the position now advanced. In that case, it was generally held that a county hospital is operated in a governmental, rather than a proprietary, capacity, and is, therefore, immune from liability in tort. Elliott is in accord with the great weight of authority in those jurisdictions throughout the United States which have determined the question.[1] Appellant urges that we should reconsider our holding because, in recent years, "a dynamic trend has developed" in some jurisdictions, rejecting entirely the doctrine of governmental immunity to tort liability. There is no question but that appellant is at least partially correct in his contention with respect to this trend, in that the states of California, Michigan, Florida, Illinois, Washington, Colorado, and, very recently, Wisconsin and Minnesota, have determined that sovereign tort immunity is archaic and overruled.[2]

2. Muskopf v. Corning Hospital District, 1961, 55 Cal.2d 211, 11 Cal.Rptr. 89, 359 P.2d 457; Hargrove v. Town of Cocoa Beach (Fla.1957), 60 A.L.R.2d 1193, 96 So.2d .130; Anno., 60 A.L.R.

The basis of these decisions is that the doctrine of immunity is a court-made rule and should, therefore, be abrogated by the courts, because the reason upon which the entire theory was based is erroneous. These same courts declined to follow their previous holdings, and disposed of stare decisis by saying that the rule of law should not be blindly followed which no longer has a valid basis; that therefore the entire question should be re-examined. However, Michigan, Florida, Colorado and Washington seem to have had some second thoughts on the subject, to the extent that they apparently have modified their rulings in subsequent cases; in California the legislature suspended the effect of the decision, and in Illinois the legislature promptly reinstated tort immunity as to certain governmental subdivisions.[3] There are, however, many other jurisdictions which have, in recent years, declined to overrule their prior decisions, and continue to follow the rule of sovereign immunity, particularly with reference to hospitals.[4]

In the last analysis, it would seem to be a question as to whether the courts or the legislature should take the action in abolishing the immunity doctrine, if it is to be abolished. In Elliott v. Lea County, supra, we said:

"In our opinion, nothing has happened in this state during the last thirty-one years which justifies our

2d 1198; Colorado Racing Com'n v. Brush Racing Ass'n, 1957, 136 Colo. 279, 316 P.2d 582; Pierce v. Yakima Valley Memorial Hospital Ass'n, 1953, 43 Wash. 2d 162, 260 P.2d 765; Molitor v. Kaneland Community Unit Dist. No. 302, 1959, 18 Ill.2d 11, 163 N.E.2d 89, 86 A.L.R. 2d 469; Williams v. City of Detroit, 1961, 364 Mich. 231, 111 N.W.2d 1; Holytz v. City of Milwaukee, 1962, 17 Wis.2d 26, 115 N.W.2d 618; Spanel v. Mounds View School Dist. No. 621 (Minn.1962), 118 N.W.2d 795.

3. Cal.Civ.Code § 22.3 (ch. 1404, 1961 Cal. Stat.); Corning Hospital Dist. v. Superior Court of Tehama County, 1962, 57 Cal.2d 408, 20 Cal.Rptr. 621, 370 P.2d 325; Buck v. McLean (Fla.App.1959), 115 So.2d 764; Liber v. Flor, 1960, 143 Colo. 205, 353 P.2d 590; City and County of Denver v. Madison, 1960, 142 Colo. 1, 351 P.2d 826; Kilbourn v. City of Seattle, 1953, 43 Wash.2d 373, 261 P.2d 407; Lyon v. Tumwater Evangelical Free Church, 1955, 47 Wash.2d 202, 287 P.2d 128; McDowell v. Mackie, 1961, 365

Mich. 268, 112 N.W.2d 491; Sayers v. School District No. 1, 1962, 366 Mich. 217, 114 N.W.2d 191; Stevens v. City of St. Clair Shores, 1962, 366 Mich. 341, 115 N.W.2d 69; Ch. 34, § 301.1, 1 Ill.Rev. Stat.1959; Ch. 57½, § 3a, 2 Ill.Rev.Stat. 1959; Ch. 105, §§ 12.1-1, 333.2a, and 491, 2 Ill.Rev.Stat.1959; Ch. 122, § 821, 2 Ill.Rev.Stat.1959.

4. Garrett v. Escambia County Hospital Board, 1957, 266 Ala. 201, 94 So.2d 762; Lee v. Dunklce, 1958, 84 Ariz. 260, 326 P.2d 1117; City and County of Denver v. Madison, 1960, 142 Colo. 1, 351 P.2d 826; Hall v. Hospital Authority of Floyd County, 1956, 93 Ga.App. 319, 91 S.E. 2d 530; Thomas v. Board of County Com'rs, 1952, 200 Md. 554, 92 A.2d 452; City of Leland v. Leach, 1956, 227 Miss. 558, 86 So.2d 363; Watrous v. City of St. Louis (Mo.App.1955), 281 S.W.2d 594; Wolf v. Ohio State University Hospital, 1959, 170 Ohio St. 49, 162 N.E.2d 475; Bondurant v. Board of Trustees of Memorial Hosp. (Wyo.1960), 354 P.2d 219.

abandoning our declared policy. If the people of this state desire any change in this policy, it can be and should be done through the legislature and not by judicial fiat."

Similar pronouncements have been made by this court in other cases relating to this general field of law.[5] Thus, we have taken the position that this is a problem for the legislature, not for the courts, even though the court may have made the initial ruling. If nothing had happened since 1954, the time of the above pronouncement, we might be more inclined to re-examine the question, with the view of making a pronouncement in accord with what is claimed to be present-day conditions and thinking. However, the legislature has seen fit to take some action in the field, and, by ch. 333 of the Session Laws of 1959, §§ 5–6–18 to 5–6–22, N.M.S.A., 1961 Supp., made certain provision for suits based on negligence against the "state, county, city, school district, district, state institution, public agency or public corporation, its officers, deputies, assistants, agents and employees." The statute provided for the purchase of insurance, and specifically stated:

"* * * however, no judgment shall run against the state, county, city, school district, district, state institution, public agency or public corporation of the state unless there be liability insurance to cover the amount and cost of such judgment."

We expressly decline to make any comment on the effect of this particular statute, but point out that the New Mexico legislature is cognizant of the problem, and, on its own, has undertaken to make provision for those who may be injured by the negligence of the state or a subdivision thereof.

■■ The cause of action in the instant case arose on July 10, 1958, almost a year prior to the effective date of the above-mentioned statute. Therefore, the act is admittedly of no benefit to the plaintiff, unless the statute were to be construed as retrospective in its operation. This we decline to do, as it is presumed that statutes will operate prospectively only, unless an intention on the part of the legislature is clearly apparent to give them retrospective effect.[6] There is nothing contained in the statute which would signify such a legislative intention.

5. Murray v. Board of Com'rs, 1922, 28 N.M. 309, 210 P. 1067; Dougherty v. Vidal, 1933, 37 N.M. 256, 21 P.2d 90; Elliott v. Lea County, 1954, 58 N.M. 147, 267 P.2d 131; City of Albuquerque v. Campbell, 1960, 68 N.M. 75, 358 P.2d 698; Livingston v. Regents of New Mexico Col. of A. & M. A., 1958, 64 N.M. 306, 328 P.2d 78.

6. Gallegos v. Atchison, T. & S. F. Ry. Co., 1923, 28 N.M. 472, 214 P.2d 579; Wilson v. New Mexico Lumber & Timber Co., 1938, 42 N.M. 438, 81 P.2d 61; State v. Jones, 1940, 44 N.M. 623, 107 P.2d 324; Board of Education of City of Las Vegas v. Boarman, 1948, 52 N.M. 382, 199 P.2d 998; Davis v. Meadors-Cherry Co., 1958, 65 N.M. 21, 331 P.2d 523; Gray v. Armijo, 1962, 70 N.M. 245, 372 P.2d 821.

Appellant would seem to urge that, even though the statute would not be of any benefit to him, the court should abrogate its prior holdings and reverse the action of the trial court, based upon such rulings. Assuming that the statute embraces a cause of action such as that alleged by the appellant, it is only effective upon causes of action occurring after its effective date. Several of the jurisdictions, which have abrogated the old rule of immunity, have done so, giving their decision a prospective application only,[7] while there are others that have merely overruled their prior cases and, in effect, given the ruling a retrospective application.[8]

We see no reason (the legislature having taken the action that it has) for the court to reconsider a rule of law that has been effective for so many years in this jurisdiction. The not-too-satisfactory experience in most of those jurisdictions which have attempted to overrule the immunity doctrine by court decision should make it obvious that legislative action on the subject is the preferred solution. .

Appellant raises some question because of the fact that the trial court made a finding that the hospital had a policy of comprehensive liability insurance. We have noted the argument, but we have held that the existence of insurance does not constitute a waiver of immunity from suit, absent specific authorization by the legislature.[9]

The ruling of the trial court in entering judgment in favor of the defendant hospital was not error.

We next turn to appellant's second point, which is the claimed error in dismissing the complaint as against the defendant Whitlock. The trial court found as a fact that the defendant Whitlock was employed as administrator of the hospital and was acting in the course and scope of his employment. It concluded from this finding that he was immune from any tort liability to the plaintiff. The finding is not attacked, but appellant urges that the conclusion is erroneous, on the basis that immunity from tort liability does not extend to employees of the state or its agencies. Appellees, on the contrary, argue that a public institution can only function through its officers and employees, and as long as the functions are within the scope of employment.

---

7. Michigan, Minnesota, Wisconsin, and to a limited extent Illinois: See cases from these jurisdictions, supra, Footnote 2; and Molitor v. Kaneland Community Unit Dist., 1962, 24 Ill.2d 467, 182 N.E.2d 145.

8. Cases cited from California, Florida, Washington and Colorado, supra, Footnote 2.

9. Livingston v. Regents of New Mexico Col. of A. & M. A., 1958, 64 N.M. 306, 328 P.2d 78; City of Albuquerque v. Campbell, 1960, 68 N.M. 75, 358 P.2d 698; See, also, Anno., 68 A.L.R.2d 1437.

**14**

The complaint alleged general negligence, only, on the part of the defendants in removing appellant from the hospital against the advice of his physician and without appellant's permission. It does not appear from the pleadings what, if any, specific acts of negligence are charged against the defendant Whitlock. However, the immunity which shields the hospital is not available to him, if he was individually negligent in the performance of a ministerial duty. Although cases are cited where, under former rules of pleading, it would seem to have been required that specific acts of negligence be alleged, this is not true under our present rules of practice, and, therefore, it cannot be said that the mere finding that the defendant Whitlock was acting within the scope of his employment entitles him to immunity as a matter of law. Whether or not he was personally negligent, for which he might be held liable, is a factual matter which must be determined by the trial court.[10] It should be noted, however, that the defendant Whitlock, as administrator of the hospital, is not subject to liability because of the negligent act of some other employee, merely because of his executive position.[11]

The judgment will be affirmed as to the defendant hospital, but reversed for further proceedings in accordance with this opinion as to the defendant Whitlock. Costs of this appeal will be equally divided between appellant and the defendant Whitlock. It is so ordered.

CHAVEZ and NOBLE, JJ., concur.

10. See, Gilbert v. New Mexico Const. Co., 1935, 39 N.M. 216, 44 P.2d 489; Collenburg v. County of Los Angeles, 1957, 150 Cal.App.2d 795, 310 P.2d 989; Whitt v. Reed (Ky.App.1951), 239 S.W.2d 489, 32 A.L.R.2d 1160; Dowler v. Johnson, 1918, 225 N.Y. 39, 121 N.E. 487, 3 A.L.R. 146; Rowley v. City of Cedar Rapids, 1927, 203 Iowa 1245, 212 N.W. 158, 53 A.L.R. 375; Montanick v. McMillin, 1938, 225 Iowa 442, 280 N.W. 608.

11. Klam v. Boehm, 1952, 72 Idaho 259, 240 P.2d 484; Dowler v. Johnson, 1918, 225 N.Y. 39, 121 N.E. 487, 3 A.L.R. 146; Tumlinson v. City of Brownsville (Tex.Civ.App.1944) 178 S.W.2d 546; Katterer's Adm'r v. State Board of Control, 1909, 131 Ky. 287, 115 S.W. 200, 20 L.R.A.,N.S., 274; Gray v. Wood, 1949, 75 R.I. 123, 64 A.2d 191; Russell v. Glascow, 1945, 63 Ariz. 310, 162 P.2d 129; Robertson v. Sichel, 1888, 127 U.S. 507, 8 S.Ct. 1286, 32 L.Ed. 203; Compare, Annotation on Personal Liability of Public School Officials, 32 A.L.R.2d 1163, at 1178; and Annotation, Liability of Public Officer or his Bond for the Defaults and Misfeasances of his Clerks, Assistants, or Deputies, 102 A.L.R. 174.