Mr. Justice Sutton
delivered the opinion of the Court.
Agripino Abeyta filed his tort claim for damages against the City and County of Denver in which he alleged that he was injured while in the police building in the course of being booked following his arrest by two Denver police officers on a drunk disturbance charge. Defendant’s Answer asserted both lack of statutory notice of the claim and the defense of sovereign immunity. The trial court subsequently granted the City’s Motion for Summary Judgment based upon a written Stipulation of Fact. Abeyta, by writ of error, seeks a reversal of the judgment on both of the stated grounds.
The key issue in this case is that of governmental immunity. As recently as 1960, we have reaffirmed the doctrine [see Faber v. Colorado, 143 Colo. 240, 353 P.2d 609 (1960), and Denver v. Madison, 142 Colo. 1, 351 P.2d 826 (I960)], and we adhere to that position even though we are aware that several other jurisdictions have since then digressed therefrom. Our view is that once such a doctrine has become deeply embedded in the law of this state, it is the legislature which must change it, and not the judiciary. Assertions by this claimant of an unconstitutional deprivation of his “right of action” under Sections 14 and 15, Article II of the Colorado constitution and of due process of law under the Fourteenth Amendment to the United States Constitution and other asserted constitutional claims made here, have no merit under the immunity *60 doctrine. Suffice it to say, in this regard, that in Colorado there is no “right” in the absence of a statute granting such, thus it obviously cannot be taken away or damaged by the application of sovereign immunity to this claim. Nor will we deviate from this course in tort actions, because it is now asserted that consent to sue Denver has been granted by virtue of Section 1 of Article XX of the Colorado constitution. And because of the assertion that C.R.S. 1963, 139-35-1 and Section A10.10 of the Denver Charter are inapplicable.
Because the claim in question is barred, it matters not whether the notice of a claim asserted as necessary by the city was either filed or properly filed, and we need not discuss that issue.
The judgment is affirmed.
Mr. Justice Pringle dissents.